1

**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)

2  klee@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)

3  633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054

4  Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

5

**JENNER & BLOCK LLP**

6  Dean N. Panos (to apply *pro hac vice*)
dpanos@jenner.com

7  353 N. Clark Street
Chicago, IL 60654

8  Phone: (312) 222-9350
Facsimile: (312) 527-0484

9

Attorneys for Defendant

10  Kraft Foods Group, Inc.

11

12

13

14

15

16                    UNITED STATES DISTRICT COURT

17           FOR THE CENTRAL DISTRICT OF CALIFORNIA

18                          WESTERN DIVISION

19

| | |
|---|---|
| 20  CLAUDIA MORALES and MOCHA GUNARATNA, each individually and on behalf of all others similarly situated, | Case No. **CV14-4387 JAK-PJW** |
| 22 | |
| 23              Plaintiffs, | **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a), 1332(d), 1441(b), and 1446** |
| 24        vs. | |
| 25  KRAFT FOODS GROUP, INC. and DOES 1 through 100, inclusive, | |
| 26 | |
| 27              Defendants. | |

28

COPY

FILED
CLERK, U.S. DISTRICT COURT

JUN -6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO THE PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Kraft Foods Group, Inc. ("Kraft") hereby effects the removal of this action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California. Removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(b), and 1446, on the grounds described below. In the alternative, removal is proper under 28 U.S.C. § 1332(a). Venue is proper in this Court because the Plaintiffs filed their complaint in the Los Angeles County Superior Court. *See* 28 U.S.C. § 84(c)(2) (providing that Los Angeles County is part of the Western Division of California's Central District); *id.* § 1391 (describing where venue is proper).

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. Plaintiffs on May 7, 2014 filed a complaint styled *Claudia Morales and Mocha Gunaratna, each individually and on behalf of all other similarly situated v. Kraft Foods Group, Inc. and Does 1 through 100, inclusive*, Case No. BC545131 ("Compl."), in the Los Angeles County Superior Court. *See* Ex A (Complaint, Summons, and Declaration Pursuant to § 1780(d)). No other documents have been filed.

2. The Complaint alleges that the statement "Natural Cheese" found on the packaging of "Kraft Shredded Cheese – Cheddar Fat Free" is false or misleading because the product contains artificial color. *See* Compl. ¶ 3. It further alleges that they "would not have purchased the Product but for the representations by Defendant about the Product," and that the class has therefore "suffered injury in fact and . . . lost money as a result of Defendants' false, deceptive, and misleading representations." *Id.* ¶¶ 24, 25.

3. The Complaint asserts three causes of action: (1) violation of the Unfair Competition Law (California Business and Professions Code § 17200, *et seq.*); (2) Violation of the False Advertising Law (California Business and Professions Code §

1  17500, *et seq.*); and (3) violation of the Consumer Legal Remedies Act (California Civil

2  Code § 1750, *et seq.*).

3      4.      Plaintiffs seek relief on a class-wide basis.  Compl. ¶¶ 19-30.  The remedies

4  sought by Plaintiff include: (a) damages, (b) restitution, (c) pre-judgment interest from

5  the date of filing the suit, (d) attorneys' fees and costs incurred by Plaintiffs in this case,

6  and (e) injunctive relief "enjoining Defendants from pursuing the policies, acts, and

7  practices complained of."  *Id.* at 14.

8  ## REMOVAL IS PROPER UNDER CAFA

9  ### The Standard for Removal under CAFA

10      5.      Under the Class Action Fairness Act (CAFA), district courts have original

11  jurisdiction over class action lawsuits filed under federal or state law in which (1) any

12  member of a class of plaintiffs is a citizen of a state different from any defendant, and (2)

13  the amount in controversy for the putative class members in the aggregate exceeds the

14  sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).

15  In addition, the proposed class must contain at least 100 members.  *Id.* § 1332(d)(5).

16      6.      Matters that satisfy CAFA's requirements are removable pursuant to 28

17  U.S.C. § 1446.  As described below, this case meets all of the above requirements for

18  CAFA removal, and is timely and properly removed by the filing of this Notice.

19  ### The Minimal Diversity Requirement Has Been Met

20      7.      Under CAFA's minimal diversity requirements, removal is proper if there is

21  diversity of citizenship between the "plaintiff and the named defendants."  *See In re*

22  *Online DVD Rental Antitrust Litig.*, No. 09-2029, 2009 WL 1955796, at *2 (N.D. Cal.

23  July 6, 2009).  Minimal diversity requires only that the citizenship of at least one plaintiff

24  differs from that of at least one defendant.  *See Abrego v. Dow Chemical Co.*, 443 F.3d

25  676, 680 (9th Cir. 2006).  That requirement has been met here.

26      8.      Plaintiffs are citizens of California, where they reside.  Compl. ¶ 13; 28

27  U.S.C. § 1332(a)(1).

28      9.      Defendant Kraft Foods Group, Inc. is a Virginia corporation with its

1   principal place of business in Northfield, Illinois. Compl. ¶ 14. Accordingly, Kraft is a

2   citizen of Virginia and Illinois. 18 U.S.C. § 1332(c)(1) (a corporation is a "citizen of any

3   state by which it has been incorporated and of the State where it has its principal place of

4   business"); *see also Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010) (providing that a

5   corporation's principal place of business is the place where "a corporation's officers

6   direct, control, and coordinate the corporation's activities," which is typically "the place

7   where the corporation maintains its headquarters").

8       10.   CAFA's minimal diversity requirement has been satisfied here because

9   Plaintiffs are citizens of California, while Kraft is a citizen of Virginia and Illinois.[1]

10   **The $5 Million Amount in Controversy Requirement Has Been Met**

11       11.   CAFA's $5,000,000 amount-in-controversy requirement has also been

12   satisfied. "In measuring the amount in controversy, a court must assume that the

13   allegations of the complaint are true and that a jury will return a verdict for the plaintiff

14   on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

15   1199, 1205 (E.D. Cal. 2008). It must then "add[] up the value of the claim of each person

16   who falls within the definition of [the] proposed class." *Standard Fire Ins. Co. v.

17   Knowles*, 133 S. Ct. 1345, 1348, 1350 (2013). In other words, "[t]he ultimate inquiry is

18   what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant

19   will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *Rippee v. Boston Market Corp.*, 408

20   F. Supp. 2d 982, 986 (S.D. Cal. 2005).

21       12.   Notably, a plaintiff cannot destroy CAFA jurisdiction by disclaiming that its

22   damages will exceed $5,000,000. *See Standard Fire*, 133 S. Ct. at 1350; *Rodriguez v. AT

23   & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Accordingly, Plaintiffs'

24

25   [1] The 100 Doe Defendants "are not considered in this analysis because [28 U.S.C. §] 1441

26   provides that 'for purposes of removal . . . the citizenship of defendants sued under

27   fictitious names shall be discarded." *Washington v. Shell Oil Prods. U.S.*, No. 07-2352, 2007 WL 2221078, at *3 (N.D. Cal. Aug. 2, 2007) (quoting 28 U.S.C. § 1441(a)).

28

conclusory assertion that "[t]he amount in controversy in this action does not exceed $5,000,000," is irrelevant, as is their request for "damages in an amount . . . which does not exceed $5,000,000." Compl. 14 & ¶ 12; *see, e.g.*, *Trahan v. U.S. Bank Nat'l Ass'n*, No. 09-31111, 2014 WL 116606, at *5 (N.D. Cal. Jan. 13, 2014) (disregarding plaintiff's attempt to plead around CAFA jurisdiction, and concluding defendant satisfied its burden of showing that potential damages and attorneys' fees exceeded $5,000,000).

13.    "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez*, 728 F.3d at 981 (holding that this standard requires even when a complaint alleges damages of less than $5,000,000). The preponderance of the evidence standard is satisfied where "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cit. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).

14.    Here, Plaintiffs see damages and restitution on the ground that they and the putative class members were fraudulently induced into purchasing the Shredded Cheese product, which they allegedly "would not have purchased" but for the labeling statement "Natural Cheese." Compl. ¶¶ 17, 24-25. They allege that Kraft has "sold hundreds of thousands of units or more of the Product based upon . . . false promises," and that the products purchased by the class were "unsatisfactory" and unsafe. *Id.* ¶¶ 34, 35, 70. Plaintiff also seeks attorneys' fees and injunctive relief. *Id.* at 14.

15.    Kraft estimates that the sales for Shredded Cheese – Cheddar Fat Free in California from May 2010 to May 2014 totaled approximately $4.8 million. *See* Declaration of Chris Hjorth ¶ 4; Compl. ¶ 19.[2]

---

[2] Plaintiffs are vague as to whether they seek to recover the full purchase price of the products, or merely some portion of that amount. *See, e.g.*, Compl. ¶ 35 (alleging "Defendants have sold hundreds of thousands of units or more of the Product based upon Defendants' false promises"); *id.* ¶ 70 (alleging "[t]he Product purchased by the Plaintiffs and the Class was and is unsatisfactory and worth less than the amount paid for"). While (Continued...)

16.    Plaintiffs also seek attorneys' fees, which are added as part of the amount in controversy for the purposes of determining diversity jurisdiction. Compl. at 14; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Fee requests in consumer class actions, such as this lawsuit, are typically significant. *See, e.g.*, *Wilson v. Airborne, Inc.*, No. 07-770, 2008 WL 3854963, at *12 (CD. Cal. Aug. 13, 2008) (awarding $3,459,946 in attorneys' fees in deceptive advertising class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 46 (2008) (awarding attorneys' fees of $2.04 million as part of the settlement of consumer class action); *In re Sony SXRD Rear Projection Television Class Action Litig.*, 2008 WL 1956267, at *16 (S.D.N.Y. May 1, 2008) (class counsel incurred $1,279,405 in breach-of-warranty class action). For example, Plaintiffs' counsel served as class counsel in *Shaffer v. Continental Casualty Co.*, in which the Ninth Circuit affirmed an award of $5,000,000 in attorneys' fees, costs, and incentive awards as part of a class settlement. 362 F. App'x 627 (9th Cir. 201); *see also Weeks v. Kellogg Co.*, 09-8102, 2013 WL 6531177, at *3 (C.D. Cal. Nov. 23, 2013) (reflecting that Milstein Adelman applied for fees of $1.3 million in case challenging cereal labels).

17.    Many courts have also incorporated into the amount-in-controversy threshold the costs imposed upon the defendant if, for example, injunctive relief were

---

Kraft believes that California law precludes Plaintiffs from recovering the full purchase price of the products because Plaintiffs derived significant value from the products and full restitution would therefore amount to an unjustified windfall, the "inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205. Moreover, the Court is to construe the amount-in-controversy "expansively" in order to "err in favor of exercising jurisdiction over the case." *Kearns*, 2005 WL 3967998, at *6. Accordingly, the full $4.7 million sales figure is properly included in the amount-in-controversy calculation. *See also Waller v. Hewlett-Packard Co.*, No. 11-454, 2011 WL 8601207, at *2 n.3 (S.D. Cal. May 10, 2011) (calculating amount in controversy based on the full purchase price even though plaintiff argued it would be "unrealistic" to expect the putative class members to receive a "100% reimbursement," since the inquiry is based on "the relief a plaintiff *seeks*, not what the plaintiff may reasonably or ultimately *obtain*").

1  granted.  *See Gen. Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 635

2  (9th Cir. 2010) (affirming denial of motion to remand and reasoning that district court

3  correctly considered "the cost of complying with [the plaintiff's] requested injunctive

4  relief" in determining whether the amount-in-controversy requirement was satisfied);

5  *Yeroushalmi v. Blockbuster, Inc.*, No. 05-225, 2005 WL 2083008, at *5 (C.D. Cal. July

6  11, 2005) (ruling that CAFA's amount-in-controversy requirement was satisfied and

7  explaining that it "is proper to consider the cost of injunctive relief" in determining

8  whether the amount in controversy exceeds $5,000,000).

9         18.    Here, Plaintiffs seek a Court order enjoining Kraft from continuing to, *inter*

10 *alia*, (1) "make the statements [alleged in the complaint]"; (2) "offer for sale any unit of

11 the Product that contains any false, misleading, and/or unsubstantiated statements and

12 claims on its packaging and/or its label, without limitation, those statements and claims

13 [in the complaint]"; and (3) "use the packaging and label that it presently uses for the

14 Product." Compl. ¶ 72.  Kraft would incur approximately $3.9 to $6.8 million in costs to

15 comply with such an order.  Hjorth Decl. ¶ 6.

16        19.    For example, Kraft would have to hire an outside vendor to visit tens of

17 thousands of stores in California and remove Kraft Shredded Cheese – Cheddar Fat Free

18 from the shelves and destroy those products.  That alone would lead to a loss of profit of

19 approximately $900,000 to $1,200,000.  *See* Hjorth Decl. ¶ 6.  Further, Kraft would have

20 to re-design the packaging and then repackage the Shredded Cheese – Cheddar Fat Free,

21 a task that would take several weeks.  During that period, Kraft would not be able to sell

22 Shredded Cheese – Cheddar Fat Free.  The costs of re-designing the packaging, including

23 lost sales, will be approximately $500,000 to $1,000,000.  *See id.* ¶ 6.

24        20.    In sum, the amount in controversy in this lawsuit exceeds the $5 million

25 threshold.

26              **The 100 Class Members Requirement Has Been Met**

27        21.    Finally, the proposed class contains at least 100 members, satisfying

28 CAFA's final requirement.  Plaintiffs seek to represent a class comprised of "[a]ll persons

1   who purchased the Product in the State of California for personal use and not for resale

2   during the time period of May 7, 2010 through the present." Compl. ¶ 19.  Plaintiffs

3   allege that the class is comprised of "many thousands of persons." *Id.* ¶ 20.  There can be

4   no doubt that the number of California residents who purchased Kraft Shredded Cheese –

5   Cheddar Fat Free exceeds 100.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)

### The Standard for Removal under 28 U.S.C. § 1332(a)

8       22.   District courts have original jurisdiction over civil actions in which (1) there

9   is complete diversity of citizenship, and (2) the amount in controversy exceeds the sum or

10  value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  "The

11  complete diversity requirement in class actions is based on the citizenship of the named

12  plaintiffs at the time that the action was filed." *Gibson v. Chrysler Corp.*, 261 F.3d 937,

13  931 n.2 (9th Cir. 2001).  Moreover, "[i]f there is original jurisdiction over the named

14  plaintiff based on diversity, then supplemental jurisdiction will attach to the claims of all

15  other plaintiffs." *Alexander v. FedEx Ground Package Sys., Inc.*, No. 05-38, 2005 WL

16  701601, at *5 (N.D. Cal. Mar. 25, 2005).

17      23.   As described below, this case meets both of the requirements for diversity

18  jurisdiction removal, and is timely and properly removed by the filing of this Notice.

### The Complete Diversity Requirement Has Been Met

20      24.   Plaintiffs are citizens of California, where they reside.  Compl. ¶ 13; 28

21  U.S.C. § 1332(a)(1).  Kraft is a citizen of Delaware and Illinois.  *Id.* ¶ 14; 18 U.S.C. §

22  1332(c)(1).  Accordingly, this action is between "citizens of different states," and the

23  complete diversity requirement is satisfied. 28 U.S.C. § 1332(a)(1).

### The $75,000 Amount in Controversy Requirement Has Been Met

25      25.   Plaintiffs provide no indication of the number of Kraft shredded cheese

26  products they purchased, or the amount of damages they seek individually.  However,

27  even ignoring the monetary relief sought by Plaintiffs, the amount in controversy is

28  satisfied by their requests for injunctive relief and attorneys' fees.  "In actions seeking

1  declaratory or injunctive relief, it is well established that the amount in controversy is
2  measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837,
3  840 (9th Cir. 2002); *see also Rose v. J.P. Morgan Chase, N.A.*, No. 12-225, 2012 WL
4  892282, at *2-3 (E.D. Cal. Mar. 14, 2012) (denying motion to remand because value of
5  injunctive relief requested in complaint exceeded $75,000). Here, Kraft estimates that the
6  injunctive relief requested by Plaintiff would cost it approximately $3.9 to $6.8 million.
7  *See supra* ¶ 18; Hjorth Decl. ¶ 6.

8      26.   The amount in controversy calculation also includes the amount of
9  attorneys' fees "reasonably anticipated" to "accrue until the action is resolved." *Supra* ¶
10  16; *Chambers v. Penske Truck Leasing Corp.*, No. 11-381, 2011 WL 1459155, at *4
11  (E.D. Cal. Apr. 15, 2011) (noting the court could "reasonably anticipate thousands of
12  dollars in attorneys' fees," recognizing that fees in some types of cases "often exceed the
13  damages," and concluding jurisdictional minimum was satisfied). Here, it is reasonable
14  to anticipate that, if this case were resolved in their favor, Plaintiffs would request
15  attorneys' fees well in excess of $75,000. *See supra* ¶ 16; *Simmons v. PCR Tech.*, 209 F.
16  Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (concluding amount in controversy exceeded
17  $75,000 based on court's recognition that maintaining the lawsuit would "require
18  substantial effort from counsel" and its experience that attorney fee awards are often
19  significant).

20      27.   In sum, regardless of the amount of individual damages sought by Plaintiffs,
21  the cost to Kraft of the injunctive relief they request, along with the attorneys' fees they
22  seek, certainly exceeds $75,000. Accordingly, removal is proper under 28 U.S.C. §§
23  1332(a) and 1446.

24                          **REMOVAL IS TIMELY**

25      28.   This Notice of Removal is timely. Under 28 U.S.C § 1446(b), notice of
26  removal of a civil action must be filed within thirty (30) days of the defendant's receipt of
27  service of the summons and complaint. Kraft was served on May 8, 2014. *See* Ex. B.
28  Thus, this Notice of Removal is timely.

1

## NOTICE TO PLAINTIFFS AND STATE COURT

2       29.    Contemporaneously with the filing of this Notice of Removal in the United

3  States District Court for the Central District of California, written notice of such filing

4  will be served on Plaintiffs' counsel of record:   Paul D. Stevens and Shireen

5  Mogsenzadegan, Milstein Adelman, LLP, 2800 Donald Douglas Loop North, Santa

6  Monica, California 90405 and Ryan J. Clarkson, Clarkson Law Firm, 100 Wilshire Blvd.,

7  Suite 940, Santa Monica, California 90401.  A copy of this Notice will also be filed with

8  the Clerk for the Superior Court of the County of Los Angeles, California.

9

10  Dated:  June 6, 2014                           JENNER & BLOCK LLP

11

12

13                                              By: Kenneth K. Lee

14                                              Attorneys for Defendant
15                                              Kraft Foods Group, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KRAFT FOOD GROUP, INC. and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CLAUDIA MORALES and MOCHA GUNARATNA, each individually
and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California
County Of Los Angeles

MAY 07 2014

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Judi Lara

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)*: Los Angeles County Superior Court | **CASE NUMBER:** *(Número del Caso):* BC 5 4 5 1 3 1 |

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shireen Mohsenzadegan, 2800 Donald Douglas Loop N, Santa Monica, CA 90405 T:310-396-9600

| | | |
|---|---|---|
| DATE: *(Fecha)* MAY 07 2014 | Clerk, by *SHERRI R. CARTER, (Secretario)* Judi Lara | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)　　　　　☐ CCP 416.60 (minor)
    　　　　☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
    　　　　☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
    　　　　☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

[SEAL]



ORIGINAL

**MILSTEIN ADELMAN, LLP**
Paul D. Stevens, State Bar No. 207107
Shireen Mohsenzadegan, State Bar No. 237882
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**CLARKSON LAW FIRM**
Ryan J. Clarkson, State Bar No. 257074
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: (310) 917-1030
Fax: (310) 917-1001

**FILED**
Superior Court Of California
County Of Los Angeles

MAY 07 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
        Judi Lara

# BY FAX

*Attorneys for Plaintiffs Claudia Morales and Mocha Gunaratna*

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BC 5 4 5 1 3 1

| | |
|---|---|
| CLAUDIA MORALES and MOCHA GUNARATNA, each individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>      vs.<br><br>KRAFT FOODS GROUP, INC. and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No.<br><br>DECLARATION OF SHIREEN MOHSENZADEGAN RE: VENUE PURSUANT TO CAL. CIV. CODE § 1780(d) |

DECLARATION OF SHIREEN MOHSENZADEGAN RE: VENUE PURSUANT TO CAL. CIV. CODE § 1780(d)

ORIGINAL

1    I, Shireen Mohsenzadegan, do hereby declare as follows:

2        1.    I am an Associate at Milstein Adelman, LLP, counsel of record for Plaintiffs

3    CLAUDIA MORALES and MOCHA GUNARATNA.  I am licensed to practice law in the

4    State of California. I have personal knowledge of the facts stated herein, and if called to testify

5    as a witness I could and would competently testify to them.

6        2.    Venue is proper in this Court because Defendant conducts business in Los

7    Angeles County, Defendants receive substantial compensation from sales in Los Angeles

8    County, and Defendants made numerous misrepresentations which had a substantial effect in

9    Los Angeles County.

10       I declare and state under penalty of perjury pursuant to the laws of the State of California

11   that the foregoing is true and correct, and that this Declaration was executed this 7th day of May,

12   2014 in Santa Monica, California.

Shireen Mohsenzadegan, Esq.,
Declarant

---

DECLARATION OF SHIREEN MOHSENZADEGAN RE: VENUE PURSUANT TO CAL.
CIV. CODE § 1780(d)

**MILSTEIN ADELMAN, LLP**
Paul D. Stevens, State Bar No. 207107
Shireen Mohsenzadegan, State Bar No. 237882
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**CLARKSON LAW FIRM**
Ryan J. Clarkson, State Bar No. 257074
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: (310) 917-1030
Fax: (310) 917-1001

*Attorneys for Plaintiffs Claudia Morales and Mocha Gunaratna*

A6029
90405
DEPT. 324
EMILIE H.
ELIAS

FILED
Superior Court Of California
County Of Los Angeles

MAY 07 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
         Judi Lara

BY FAX

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

CLAUDIA MORALES and MOCHA GUNARATNA, each individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

KRAFT FOODS GROUP, INC. and DOES 1 through 100, inclusive,

Defendants.

Case No. **BC 5 4 5 1 3 1**

CLASS ACTION COMPLAINT

1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*
2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act)

DEMAND FOR JURY TRIAL

Plaintiffs Claudia Morales and Mocha Gunaratna ("Plaintiffs"), each individually and on behalf of all other similarly situated purchasers of Kraft Natural Cheese - Shredded Cheese - Cheddar Fat Free (the "Class"), bring this lawsuit against Kraft Foods Group, Inc. ("Kraft and/or "Defendant") and Does 1 through 100, inclusive (sometimes collectively referred to herein as "Defendants") upon personal knowledge as to Plaintiffs' own acts, and as to all other matters upon

00/00/2014  10:23:30 FAX 21:    )990        NATIONWIDE LEGAL                                    2

1   information and belief.  Plaintiffs seek damages, restitution and injunctive relief on behalf of a

2   California class of consumers who within the last four years purchased Kraft Natural Cheese -

3   Shredded Cheese - Cheddar Fat Free sold by Kraft, which was labeled and otherwise advertised as

4   "natural" or "all natural" despite containing artificial ingredients, flavor and/or coloring (the

5   "Product").  The Kraft Natural Cheese - Shredded Cheese - Cheddar Fat Free Product is one of a

6   variety of "Kraft Natural Cheese" products sold and distributed by Kraft.

7

8                                      **INTRODUCTION**

9        1.      For many consumers, and certainly those who are conscious of and concerned about

10  what they eat, seeking out natural food products, as opposed to highly processed, artificial food

11  products, is important.  Reliance on food labels is therefore crucial to such discerning, health

12  conscious consumers.  But that is not to say that a marketing term just slapped on the front of a

13  package without any meaning is going to suffice.  Still, although federal and California laws

14  require truthfulness in food labeling and advertising, too many producers of food products are

15  simply violating labeling and advertising laws because they understand that health claims drive

16  sales.

17       2.      Plaintiffs bring this class action against one such manufacturer, Kraft, who is

18  among the world's leading producers of food products.  Kraft has realized that, based on the

19  public's concern about natural and healthy foods, there is a financial benefit to be derived in

20  selling products claiming to be natural or healthy or to have ingredients or nutritional profiles

21  consistent with such characteristics. Accordingly, Defendant has labeled and advertised its food

22  products as natural even though such claims are in violation of California and federal advertising

23  laws.

24       3.      Plaintiffs seek to secure injunctive relief and restitution for the Class against

25  Defendants for false and misleading advertising in violation of <u>Business & Professions Code</u>

26  section 17200, *et seq.*, <u>Business & Professions Code</u> section 17500, *et seq.* and <u>Civil Code</u> section

27  1750, *et seq.*  Defendants made and continue to make false and misleading statements in their

28  advertising of the Product.  Specifically, Defendants label the Kraft Natural Cheese - Shredded

                                   CLASS ACTION COMPLAINT

00/00/2014  10:23:30 FAX 21.   )990        NATIONWIDE LEGAL                          3

1    Cheese - Cheddar Fat Free as "natural" and market it as such, despite that the Product contains

2    "artificial color."

3          4.      The false and misleading labeling and advertising of the alleged "natural" Product

4    violate the California Consumers Legal Remedies Act, particularly California Civil Code sections

5    1770(a)(5) and 1770(a)(7).  As such, Defendants have committed *per se* violations of <u>Business &</u>

6    <u>Professions Code</u> section 17200, *et seq*., <u>Business & Professions Code</u> section 17500, *et seq*. and

7    <u>Civil Code</u> section 1750, *et seq*.

8          5.      On January 20, 2014, Plaintiff Claudia Morales effectuated written notice to

9    Defendant Kraft via certified U.S. mail pursuant to <u>Civil Code</u> section 1750, *et seq*., which set

10   forth Plaintiff's contentions concerning the Product's fraudulent advertising and outlined

11   Plaintiff's demand for substantiation of the above-referenced claims and relief.  (*See* Plaintiff's

12   Letter to Defendant Kraft, dated January 20, 2014, a true and correct copy of which is attached

13   hereto as Exhibit 1.)

14         6.      Defendant refused to make the proposed modifications to its labeling and

15   advertising of the Product and has, in effect, refused to comply with California advertising laws.

16                              **JURISDICTION AND VENUE**

17         7.      This Court has jurisdiction over all causes of action asserted herein pursuant to the

18   California Constitution, Article VI, section 10, because this case is a cause not given by statute to

19   other trial courts.

20         8.      Plaintiffs have standing to bring this action pursuant to <u>Business & Professions</u>

21   <u>Code</u> section 17200, *et seq*.

22         9.      Out-of-state participants can be brought before this Court pursuant to the provisions

23   of <u>Code of Civil Procedure</u> section 395.5.

24         10.     Defendant is subject to personal jurisdiction in California based upon sufficient

25   minimum contacts which exist between it and California.

26         11.     Venue is proper in this Court because Defendant conducts business in Los Angeles

27   County, Defendant receives substantial compensation from sales in Los Angeles County, and

28   Defendant made numerous misrepresentations which had a substantial effect in Los Angeles

                                          3

00/00/2014  10:23:30 FAX 21.    )990        NATIONWIDE LEGAL                                    4

1   County, including, but not limited to, print media, and internet advertisements, and on the

2   Product's packaging and labeling.

3         12.     The amount in controversy in this action does not exceed $5,000,000. Therefore,

4   the federal court does not have jurisdiction over this action pursuant to the Class Action Fairness

5   Act of 2005 under 28 U.S.C. Sections 1332(d), 1453, and 1711–1715.

6                                          **PARTIES**

7         13.     Plaintiff Claudia Morales is an individual residing in Los Angeles, California.

8   Plaintiff Mocha Gunaratna is an individual residing in Los Angeles, California. Plaintiffs each

9   purchased the Product, respectively, within the last four years of the filing of this Complaint.

10  When purchasing the Product, Plaintiffs relied upon the labeling, advertising and other

11  promotional material, which states the Product is "natural", which were prepared and approved by

12  Defendants and their agents and disseminated through its packaging, label, and national

13  advertising media, containing the misrepresentations alleged herein and designed to encourage

14  consumers to purchase the Product.

15        14.     Defendant Kraft is a corporation organized and existing under the laws of the State

16  of Delaware, with a principal place of business located at Three Lakes Drive, Northfield, Illinois

17  60093. Kraft offers the Product for sale at stores and retailers as well as through the internet,

18  throughout the nation, including the State of California.  Kraft, directly and through its agents,

19  has substantial contacts with and receives substantial benefits and income from and through the

20  State of California.  Kraft is the owner and distributor of the Product and is the company that

21  created and/or authorized the false, misleading, and deceptive advertisements and packaging for

22  the Product.

23        15.     The true names and capacities, whether individual, corporate, associate or otherwise

24  of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 100

25  inclusive are presently unknown to Plaintiffs who therefore sue these Defendants by fictitious

26  names. Plaintiffs will seek leave of this Court to amend the Complaint to show their true names

27  and capacities when the same have been ascertained.  Plaintiffs are informed and believe and

28  based thereon allege that DOES 1 through 100 were authorized to do and did business in San

4

1   Joaquin County. Plaintiffs are further informed and believe and based thereon allege that DOES 1

2   through 100 were and/or are, in some manner or way, responsible for and liable to Plaintiffs for

3   the events, happenings, and damages hereinafter set forth below.

4        16.    Plaintiffs are informed and believe and based thereon allege that at all times

5   relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate,

6   partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining

7   Defendants and was acting in such capacity in doing the things herein complained of and alleged.

8        17.    In committing the wrongful acts alleged herein, Defendants planned and

9   participated in and furthered a common scheme by means of false, misleading, deceptive, and

10  fraudulent representations to induce members of the public to purchase the Product. Defendants

11  participated in the making of such representations in that each did disseminate or cause to be

12  disseminated said misrepresentations.

13       18.    Defendants, upon becoming involved with the manufacture, distribution,

14  advertising, marketing, and sale of the Product, knew or should have known that the claims about

15  the Product and, in particular, the claims suggesting and outright stating that the Product is

16  "natural" when it contains artificial coloring. Indeed, since the first time that the Product was

17  advertised, Defendants have been aware that they have been falsely representing the

18  characteristics and effects of the Product. Defendants affirmatively misrepresented the nature and

19  characteristics of the Product in order to convince a certain subsection of the public to purchase

20  and use the Product, resulting in profits of hundreds of thousands of dollars or more to

21  Defendants, all to the damage and detriment of the consuming public. Thus, in addition to the

22  wrongful conduct herein alleged as giving rise to primary liability, Defendants further aided and

23  abetted and knowingly assisted each other in breach of their respective duties and obligations as

24  herein alleged.

25  ///

26  ///

27  ///

28  ///

### CLASS ACTION ALLEGATIONS

19.   Plaintiffs bring this action on their own behalves and on behalf of all other persons similarly situated.   The Class which Plaintiffs seek to represent comprises:

> All persons who purchased the Product in the State of California for personal use and not for resale during the time period of May 7, 2010 through the present.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

20.    The Class is comprised of many thousands of persons throughout the State of California. The class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

21.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same false and misleading advertising and omissions.   The questions of law and fact common to the Class predominate over questions which may affect individual Class members.   Common questions of law and fact include, but are not limited to, the following:

  a.  Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

  b.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

  c.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

  d.  Whether Defendants made false and misleading representations in their advertising and labeling of the Product;

  e.  Whether Defendants knew or should have known that the representations were false; and

  f.  Whether Defendants represented that the Product has characteristics, benefits, uses, or quantities which it does not have.

22.    Plaintiffs' claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendants are uniform and consistent and are contained in advertisements and on packaging that was seen and relied on by Plaintiffs and members of the class.

23.    Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

24.    Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false, deceptive, and misleading representations.

25.    Plaintiffs would not have purchased the Product but for the representations by Defendants about the Product.

26.    The Class is identifiable and readily ascertainable.  Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

27.    A class action is superior to other available methods for fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

28.    The trial and the litigation of Plaintiffs' claims are manageable.

29.    Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.  The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendants.

30.    Absent a class action, Defendants will likely retain the benefits of their wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  Absent a representative

1    action, the Class members will continue to suffer losses and Defendants will be allowed to

2    continue these violations of law and to retain the proceeds of their ill-gotten gains.

3                     **FACTS AND DEFENDANTS' COURSE OF CONDUCT**

4            31.      As the growing concern over health and food safety has become more prevalent

5    among the consuming public, so, too, have the incidences of false and misleading claims about

6    such products.  It is becoming more commonly known that certain claims on food packaging

7    implies that a food is healthier, safer or produced to higher ethical standards.  The term "natural"

8    or "all-natural" is one such claim.

9            32.      In an effort to capitalize on consumers' increasing desire and willingness to pay

10   more for healthier, less processed foods, manufacturers, including Kraft, routinely make false

11   and/or misleading claims about the benefits and characteristics of a product and advertise their

12   products as though they maintain characteristics they do not have and that the manufacturer

13   cannot validate with competent and reliable scientific evidence so as to make receiving the

14   intended benefit illusory and, in some cases, unsafe.

15           33.      Defendants' labeling and claims about the Product as "natural" lead people to

16   believe that the Product is indeed natural.  At a minimum, therefore, the public is led to believe

17   the Product has no *artificial* ingredients or characteristics.  The public is further led to believe the

18   Product will be healthier, safer and/or produced to a higher standard.  These claims are false,

19   deceptive, and misleading, as the Product contains artificial color.

20           34.      Contrary to the implications of the term "natural" on food products, artificial food

21   coloring is not considered healthy or safe.  Among the health concerns regarding artificial food

22   coloring are that it could cause everything from hyperactivity in children, to allergic reactions, to

23   asthma complications, or cancer.

24           a.  In the 1970s, the Food and Drug Administration ("FDA") famously banned Red

25               Dye No. 2 after some studies found that large doses could cause cancer in rats.

26           b.  In 2007, a British study published in *The Lancet* concluded that consuming artificial

27               coloring and preservatives in food can increase hyperactivity in kids. The results of

28               the 2007 study compelled the European Food Standards Agency to urge companies

00/00/2014  10:23:30 FAX 21.    )990        NATIONWIDE LEGAL                                    9

1     to voluntarily remove artificial coloring from food products.  The Center for

2     Science in the Public Interest links food colorings to hyperactivity and behavior

3     problems in children, and has been urging the FDA to ban certain dyes that they

4     believe cause these issues.

5     c.  Although the U.S. is behind other countries on its artificial dye policies, the U.K.'s

6     Food Standards Agency has imposed a voluntary ban on several dyes because of

7     their potential harm. And although they turned down a more widespread ban, the

8     European Parliament agreed to place warning labels on all European-produced

9     foods containing one of six artificial colorings.

10     35.    During the course of their false, misleading, and deceptive advertising campaign,

11  Defendants have sold hundreds of thousands of units or more of the Product based upon

12  Defendants' false promises.  Plaintiffs and the Class have suffered injury in fact and have lost

13  money as a result of Defendants' false representations.

14                        **FIRST CAUSE OF ACTION**

15     **FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &**

16              **PROFESSIONS CODE § 17200, *et seq*.**

17               **(By Plaintiffs against all Defendants)**

18     36.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs

19  and incorporates the same as if set forth herein at length.

20     37.    This cause of action is brought pursuant to Business and Professions Code section

21  17200, *et seq.*, on behalf of Plaintiffs and a Class consisting of all persons residing in the State of

22  California who purchased the Product for personal use and not for resale.

23     38.    Defendants in their advertising and packaging of the Product make false and

24  misleading statements regarding the quality and characteristics of the Product, particularly that it

25  is "natural".

26     39.    Defendants' claims about the Product lead people, including Plaintiffs, to believe

27  that the Product is natural, in that, at a minimum, it does not contain artificial coloring.

28

40.     Defendants do not have any reasonable basis for the claims about the Product made in Defendants' advertising and on Defendants' packaging or label because the Product indeed contains artificial coloring.

41.     Defendants knew that the claims that they made and continue to make about the Product are false, and misleading.

42.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

43.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17200.

44.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

45.     All of the conduct alleged herein occurs and continues to occur in Defendants' business.  Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

46.     Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product.  Likewise, Plaintiffs and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendants by means of Defendants' failure to disclose the existence and significance of said misrepresentations.

47.     Plaintiffs and the Class have suffered injury in fact and have lost money or property as a result of Defendants' false representations.

00/00/2014  10:23:30 FAX 21.    9990        NATIONWIDE LEGAL                                11

48.    Plaintiffs would not have purchased the Product but for the representations by Defendants about the Product.

### SECOND CAUSE OF ACTION

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

### (By Plaintiffs against all Defendants)

49.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

50.    This cause of action is brought pursuant to Business and Professions Code section 17500, *et seq.*, on behalf of Plaintiffs and the Class consisting of all persons residing in the State of California who purchased the Product for personal use and not for resale.

51.    Defendants in their advertising and packaging of the Product make false and misleading statements regarding the quality and characteristics of the Product, particularly that it is "natural".

52.    Defendants' claims about the Product lead people, including Plaintiffs, to believe that the Product is natural, in that, at a minimum, it does not contain artificial coloring.

53.    Defendants do not have any reasonable basis for the claims about the Product made in Defendants' advertising and on Defendants' packaging or label because the Product indeed contains artificial coloring.

54.    Defendants knew that the claims that they made and continue to make about the Product are false and misleading.

55.    Plaintiff would not have purchased the Product but for the representations by Defendants about the Product.

56.    Plaintiff and the Class have suffered injury in fact and have lost or property as a result of Defendants' false representations.

57.    As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17500.

00/00/2014  10:23:30 FAX 21   9990        NATIONWIDE LEGAL                                    12

58.    In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

59.    Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product.  Likewise, Plaintiffs and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.*

#### (By Plaintiffs against all Defendants)

60.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

61.    This cause of action is brought pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act, on behalf of Plaintiffs and a Class consisting of all persons residing in the State of California who purchased the Product for personal use and not for resale.

62.    The Class consists of thousands of persons, the joinder of whom, is impracticable.

63.    There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Defendants represented that the Product has characteristics, benefits, uses, or quantities which they do not have; (b) Whether the existence, extent, and significance of the major misrepresentations regarding the purported benefits, characteristics, and

00/00/2014  10:23:30 FAX 21    /9990·        NATIONWIDE LEGAL                                    13

1   efficacy of the Product violate the Act; and (c) Whether Defendants knew of the existence of these

2   misrepresentations.

3       64.     The policies, acts, and practices heretofore described were intended to result in the

4   sale of the Product to the consuming public, and violated and continue to violate section

5   1770(a)(5) of the Act by representing that the Product has characteristics, benefits, uses, or

6   quantities which it does not have.

7       65.     Defendants fraudulently deceived Plaintiffs and the Class by representing that the

8   Product has certain characteristics, benefits, uses, and qualities which it does not have.  In doing

9   so, Defendants intentionally misrepresented and concealed material facts from Plaintiffs and the

10  Class, specifically by claiming that the Product is "natural" when in fact it contains artificial

11  coloring.  Said misrepresentations and concealment were done with the intention of deceiving

12  Plaintiffs and the Class and depriving them of their legal rights and money.

13      66.     Defendants' claims about the Product lead people, including Plaintiffs, to believe

14  that the Product does not contain artificial coloring.

15      67.     Defendants knew that they could not back the claims concerning the Product's

16  purported "natural" quality.

17      68.     Defendants' actions as described hereinabove were done with conscious disregard

18  of Plaintiff's rights, and Defendants were wanton and malicious in their concealment of same.

19      69.     Plaintiff and the Class have suffered injury in fact and have lost or property as a

20  result of Defendants' false representations.

21      70.     The Product as purchased by the Plaintiffs and the Class was and is unsatisfactory

22  and worth less than the amount paid for.

23      71.     Plaintiffs would not have purchased the Product but for the representations by

24  Defendants about the products.

25      72.     Pursuant to section 1780(a) of the Act, Plaintiffs seek injunctive relief in the form

26  of an order enjoining the above-described wrongful acts and practices of Defendants, including,

27  but not limited to, an order:

28

A.    Enjoining Defendants from continuing to make the statements set forth above;

B.    Enjoining Defendants from continuing to offer for sale any unit of the Product that contains any false, misleading, and/or unsubstantiated statements and claims on its packaging and/or its label, including, without limitation, those statements and claims set forth above;

C.    Enjoining Defendants from continuing to use the packaging and label that it presently uses for the Product; and

D.    Enjoining Defendants from distributing such false advertising and misrepresentations.

73.    Plaintiffs shall be irreparably harmed if such an order is not granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment and relief on all Causes of Action as follows:

A.    An order certifying that the action may be maintained as a Class Action;

B.    For an award of restitutionary damages in an amount according to proof at trial, but which does not exceed $5,000,000;

C.    An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein and requiring Defendants to pay restitution to Plaintiffs and all members of the Class;

D.    For pre-judgment interest from the date of filing this suit;

E.    Reasonable attorney fees;

F.    Costs of this suit; and

G.    Such other and further relief as the Court may deem necessary or appropriate.

///
///

00/00/2014  10:23:30 FAX 21    9990        NATIONWIDE LEGAL                                    15

1    DATED: May 7, 2014                        MILSTEIN ADELMAN LLP

2

3

4                                             By: _____
                                                  Paul D. Stevens, Esq.
5                                                 Shireen Mohsenzadegan, Esq.

6                                             Ryan J. Clarkson, Esq.
                                              CLARKSON LAW FIRM
7                                             100 Wilshire Blvd., Suite 940
                                              Santa Monica, CA 90401
8                                             Telephone: (310) 917-1030
                                              Fax: (310) 917-1001
9
                                              *Attorneys for Plaintiffs Claudia Morales*
10                                            *and Mocha Gunaratna*

11                          **JURY TRIAL DEMANDED**

12        Plaintiff demands a jury trial on all triable issues.

13

14   DATED:  May 7, 2014                        MILSTEIN ADELMAN, LLP

15

16                                            By: _____
17                                                Paul D. Stevens, Esq.
                                                  Shireen Mohsenzadegan, Esq.
18
                                              Ryan J. Clarkson, Esq.
19                                            CLARKSON LAW FIRM
                                              100 Wilshire Blvd., Suite 940
20                                            Santa Monica, CA 90401
                                              Telephone: (310) 917-1030
21                                            Fax: (310) 917-1001

22                                            *Attorneys for Plaintiff Claudia Morales*
                                              *and Mocha Gunaratna*
23

24

25

26

27

28
                                        15
                            CLASS ACTION COMPLAINT

00/00/2014  10:23:30 FAX 21   9990     NATIONWIDE LEGAL                                    1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>─ Paul D. Stevens, State Bar No. 207107<br>  Shireen Mohsenzadegan, State Bar No. 237882<br>  2800 Donald Douglas Loop North<br>  Santa Monica, California 90405<br>  TELEPHONE NO.: (310) 396-9600   FAX NO.: (310) 396-9635<br> ATTORNEY FOR (Name): CLAUDIA MORALES and MOCHA GUNARATNA | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>MAY 07 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>         Judi Lara |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street,
MAILING ADDRESS: 111 North Hill Street,
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
CLAUDIA MORALES v. KRAFT FOODS GROUP, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>BC 545131 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1 (B&P Code § 17200); 2 (B&P Code § 17500); 3 (CC Code § 1750)
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 7, 2014
Shireen Mohsenzadegan
(TYPE OR PRINT NAME)                                    ▶ _____
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                        Page 1 of 2

Form Adopted for Mandatory Use           **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                             Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                www.courtinfo.ca.gov

ORIGINAL

00/00/2014  10:23:30 FAX 21   ,9990       NATIONWIDE LEGAL                                 1

**CM-010**

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (not asbestos or
   toxic/environmental) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (not civil
   harassment) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (not unlawful detainer
      or wrongful eviction)
   Contract/Warranty Breach–Seller
      Plaintiff (not fraud or negligence)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (not provisionally
   complex) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (not eminent
      domain, landlord/tenant, or
      foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (arising from provisionally complex
   case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (non-
      domestic relations)
   Sister State Judgment
   Administrative Agency Award
      (not unpaid taxes)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
   above) (42)
   Declaratory Relief Only
   Injunctive Relief Only (non-
      harassment)
   Mechanics Lien
   Other Commercial Complaint
      Case (non-tort/non-complex)
   Other Civil Complaint
      (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (not specified
   above) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                                    **CIVIL CASE COVER SHEET**                                              Page 2 of 2

For your protection and privacy, please press the Clear This Form
button after you have printed the form.        **Save This Form**   | Print This Form |   | Clear This Form |

00/00/2014  10:23:30 FAX 21   9990        NATIONWIDE LEGAL                                    1

| SHORT TITLE: CLAUDIA MORALES vs. KRAFT FOOD GROUP, INC. | CASE NUMBER BC 545131 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 10  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)                **CIVIL CASE COVER SHEET ADDENDUM**              Local Rule 2.0
LASC Approved 03-04                    **AND STATEMENT OF LOCATION**                  Page 1 of 4

ORIGINAL

00/00/2014  10:23:30 FAX 21    9990        NATIONWIDE LEGAL                                    2

| SHORT TITLE: CLAUDIA MORALES vs. KRAFT FOOD GROUP, INC. | CASE NUMBER |
|---|---|

| | | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels____ | 2. |
| | | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | | ☐ A6032  Quiet Title | 2., 6. |
| | | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE:  CLAUDIA MORALES vs. KRAFT FOOD GROUP, INC. | CASE NUMBER |
|---|---|

| | A  Civil Case Cover Sheet Category No. | B  Type of Action (Check only one) | C  Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

00/00/2014  10:23:30 FAX 21    9990      NATIONWIDE LEGAL                                  4

| SHORT TITLE: CLAUDIA MORALES vs. KRAFT FOOD GROUP, INC. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 2800 Donald Douglas Loop North |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Santa Monica | STATE: CA | ZIP CODE: 90405 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___May 7, 2014___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev. 03/11) LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** | Local Rule 2.0 Page 4 of 4 |
|---|---|---|

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

CLAUDIA MORALES and MOCHA GUNARATNA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

KRAFT FOODS GROUP, INC. and DOES 1 through 100, inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Paul D. Stevens and Shireen Mohsenzadegan
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Kenneth K. Lee
Jenner & Block
633 West 5th Street, Suite 3600
Los Angeles, CA 90071

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332(a), 1332(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: _____

CV14-4387

CV-71 (09/13)                    CIVIL COVER SHEET                    Page 1 of 3

COPY

# UNITED STATE ISTRICT COURT, CENTRAL DISTRICT ALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [X] Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes  [X] No | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of claims arose: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**C.1.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right.  ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western Division |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   *Kenneth Lee*   DATE: June 6, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |