**MILSTEIN ADELMAN, LLP**
Paul D. Stevens, State Bar No. 207107
Shireen Mohsenzadegan, State Bar No. 237882
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**CLARKSON LAW FIRM**
Ryan J. Clarkson, State Bar No. 257074
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: (310) 917-1030
Fax: (310) 917-1001

*Attorneys for Plaintiffs Claudia Morales and Mocha Gunaratna*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MORALES and MOCHA GUNARATNA, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KRAFT FOODS GROUP, INC. and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. <br><br> <u>FIRST AMENDED COMPLAINT</u> <br><br> 1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* <br> 2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.* <br> 3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act) <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs Claudia Morales and Mocha Gunaratna ("Plaintiffs"), each individually and on behalf of all other similarly situated purchasers of Kraft Natural Cheese - Shredded Cheese - Cheddar Fat Free (the "Class"), bring this lawsuit against Kraft Foods Group, Inc. ("Kraft" and/or "Defendant") and Does 1 through

1

100, inclusive (sometimes collectively referred to herein as "Defendants") upon personal knowledge as to Plaintiffs' own acts, and as to all other matters upon information and belief.  Plaintiffs seek damages, restitution and injunctive relief on behalf of a California class of consumers who within the last four years purchased Kraft Natural Cheese - Shredded Cheese - Cheddar Fat Free sold by Kraft, which was labeled and otherwise advertised as "natural" or "all natural" despite containing artificial ingredients, flavor and/or coloring (the "Product").   The Kraft Natural Cheese - Shredded Cheese - Cheddar Fat Free Product is one of a variety of "Kraft Natural Cheese" products sold and distributed by Kraft.

## INTRODUCTION

1.     For many consumers, and certainly those who are conscious of and care about what they eat, seeking out natural food products, as opposed to highly processed, artificial food products, is important.  Reliance on food labels is therefore crucial to such discerning, health conscious consumers.  But that is not to say that a marketing term just slapped on the front of a package without any meaning is going to suffice.  Still, although federal and California laws require truthfulness in food labeling and advertising, too many producers of food products are simply violating labeling and advertising laws because they understand that health claims drive sales.

2.     Plaintiffs bring this class action against one such manufacturer, Kraft, who is among the world's leading producers of food products.  Kraft has realized that, based on the public's concern about natural and healthy foods, there is a financial benefit to be derived in selling products claiming to be natural or healthy or to have ingredients or nutritional profiles consistent with such characteristics.  Accordingly, Defendant has labeled and advertised its food products as natural even though such claims are in violation of California and federal advertising laws.

3.     Plaintiffs seek to secure injunctive relief and restitution for the Class against Defendants for false and misleading advertising in violation of <u>Business & Professions Code</u> section 17200, *et seq*., <u>Business & Professions Code</u> section 17500, *et seq*. and <u>Civil Code</u> section 1750, *et seq*.  Defendants made and continue to make false and misleading statements in their advertising of the Product.  Specifically, Defendants label the Kraft Natural Cheese - Shredded Cheese - Cheddar Fat Free as "natural" and market it as such, despite that the Product contains "artificial color."

4.     The false and misleading labeling and advertising of the alleged "natural" Product violate the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(5) and 1770(a)(7).  As such, Defendants have committed *per se* violations of <u>Business & Professions Code</u> section 17200, *et seq*., <u>Business & Professions Code</u> section 17500, *et seq*. and <u>Civil Code</u> section 1750, *et seq*.

5.     On January 20, 2014, Plaintiff Claudia Morales effectuated written notice to Defendant Kraft via certified U.S. mail pursuant to <u>Civil Code</u> section 1750, *et seq.*, which set forth Plaintiff's contentions concerning the Product's fraudulent advertising and outlined Plaintiff's demand for substantiation of the above-referenced claims and relief.  (*See* Plaintiff's Letter to Defendant Kraft, dated January 20, 2014, a true and correct copy of which is attached hereto as Exhibit 1.)

6.     Defendant refused to make the proposed modifications to its labeling and advertising of the Product and has, in effect, refused to comply with California advertising laws.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

8.     Plaintiffs have standing to bring this action pursuant to Business & Professions Code section 17200, *et seq*.

9.     Out-of-state participants can be brought before this Court pursuant to the provisions of Code of Civil Procedure section 395.5.

10.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

11.     Venue is proper in this Court because Defendant conducts business in Los Angeles County, Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations which had a substantial effect in Los Angeles County, including, but not limited to, print media, and internet advertisements, and on the Product's packaging and labeling.

## PARTIES

12.     Plaintiff Claudia Morales is an individual residing in Los Angeles, California.  Plaintiff Mocha Gunaratna is an individual residing in Los Angeles, California.  Plaintiffs each purchased the Product, respectively, within the last four years of the filing of this Complaint.  When purchasing the Product, Plaintiffs relied upon the labeling, advertising, and other promotional material appearing on the Product packaging itself, which was viewed by Plaintiffs throughout various grocery stores in Southern California, including Ralph's and Vons, as well as the website and television commercials, all of which state the Product is a "natural" cheese. The advertising statements were prepared and approved by Defendants and their agents and disseminated through its packaging, label, and national advertising media, containing the misrepresentations alleged herein and designed to encourage consumers to purchase the Product. In reliance thereon, Plaintiffs understood the Product was natural in that it was not artificial or made of synthetic ingredients or additives.   Had Plaintiffs known the Product contains artificial or synthetic ingredients, such as artificial coloring, they would not have purchased the Product.

13.     Defendant Kraft is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.  Kraft offers the Product for sale at stores and retailers as well as through the internet, throughout the nation, including the State of California.   Kraft, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Kraft is the owner and distributor of the Product and is the company that created and/or authorized the false, misleading, and deceptive advertisements and packaging for the Product.

14.     The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 100 inclusive are presently unknown to Plaintiffs who therefore sue these Defendants by fictitious names.  Plaintiffs will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and based thereon allege that DOES 1 through 100 were authorized to do and did business in San Joaquin County.  Plaintiffs are further informed and believe and based thereon allege that DOES 1 through 100 were and/or are, in some manner or way, responsible for and liable to Plaintiffs for the events, happenings, and damages hereinafter set forth below.

15.     Plaintiffs are informed and believe and based thereon allege that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

16.     In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to

purchase the Product.    Defendants participated in the making of such representations in that each did disseminate or cause to be disseminated said misrepresentations.

17.    Defendants, upon becoming involved with the manufacture, distribution, advertising, marketing, and sale of the Product, knew or should have known that the claims about the Product and, in particular, the claims suggesting and outright stating that the Product is "natural" when it contains artificial coloring. Indeed, since the first time that the Product was advertised, Defendants have been aware that they have been falsely representing the characteristics and effects of the Product.  Defendants affirmatively misrepresented the nature and characteristics of the Product in order to convince a certain subsection of the public to purchase and use the Product, resulting in profits of hundreds of thousands of dollars or more to Defendants, all to the damage and detriment of the consuming public.  Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability, Defendants further aided and abetted and knowingly assisted each other in breach of their respective duties and obligations as herein alleged.

## CLASS ACTION ALLEGATIONS

18.    Plaintiffs bring this action on their own behalves and on behalf of all other persons similarly situated.    The Class which Plaintiffs seek to represent comprises:

> All persons who purchased the Product in the State of California for personal use and not for resale during the time period of May 7, 2010 through the present.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

19.    The Class is comprised of many thousands of persons throughout the State of California. The class is so numerous that joinder of all members is

impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

20.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  Common questions of law and fact include, but are not limited to, the following:

    a.  Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    b.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    c.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

    d.  Whether Defendants made false and misleading representations in their advertising and labeling of the Product;

    e.  Whether Defendants knew or should have known that the representations were false; and

    f.  Whether Defendants represented that the Product has characteristics, benefits, uses, or quantities which it does not have.

21.    Plaintiffs' claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendants are uniform and consistent and are contained in advertisements and on packaging that was seen and relied on by Plaintiffs and members of the class.

22.   Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

23.   Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false, deceptive, and misleading representations.

24.   Plaintiffs would not have purchased the Product but for the representations by Defendants about the Product.

25.   The Class is identifiable and readily ascertainable.  Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

26.   A class action is superior to other available methods for fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

27.   The trial and the litigation of Plaintiffs' claims are manageable.

28.   Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.  The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendants.

29.   Absent a class action, Defendants will likely retain the benefits of their wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

**FACTS AND DEFENDANTS' COURSE OF CONDUCT**

30.     As the growing concern over health and food safety has become more prevalent among the consuming public, so, too, have the incidences of false and misleading claims about such products.  It is becoming more commonly known that certain claims on food packaging implies that a food is healthier, safer or produced to higher ethical standards.  The term "natural" or "all-natural" is one such claim.

31.     In an effort to capitalize on consumers' increasing desire and willingness to pay more for healthier, less processed foods, manufacturers, including Kraft, routinely make false and/or misleading claims about the benefits and characteristics of a product and advertise their products as though they maintain characteristics they do not have and that the manufacturer cannot validate with competent and reliable scientific evidence so as to make receiving the intended benefit illusory and, in some cases, unsafe.

32.     Most notably in their marketing of the Product, Defendant uses the label "Kraft ***Natural*** Cheese" [emphasis added], which appears front and center on the packaging, which labeling and packaging, in turn, pervades Kraft's entire advertising campaign.  The "Kraft Natural Cheese" label refers to a separate and distinct  category of cheese products sold by Kraft, which includes the "Cheddar Fat Free" Product at issue in this Complaint.

33.     Kraft's deliberate labeling choice for the Product (i.e., "Kraft Natural Cheese") is evidenced by the fact that Kraft differentiates the Product from other non-"natural" labeled cheddar cheese products, which include the following labeled categories, to name a few:

     a.  "Kraft", which comes in various cheeses, including cheddar (e.g., "Cheddar" Cheese," "Triple Cheddar", "Sharp Cheddar";

     b.  "Kraft Singles", which comes in various cheeses, including a "Fat Free Sharp Cheddar";

9

c.  "Kraft Fresh Take", which comes in various cheeses, including cheddar (e.g.,  Spicy Chipotle Cheddar, Cheddar Jack).

34.    The Product is marketed and sold throughout retailers nationwide with this packaging and labeling.

35.    In addition to the packaging and labeling of the Product, Defendants' official website (www.kraftfoodsgroup.com), commercial and print media reiterate those very same claims, and state, among other things: "For more than 110 years, Kraft has been selling ***high-quality natural*** cheeses in a wide variety of flavors and forms." [emphasis added.]

36.    When purchasing the Product, Plaintiffs relied upon the foregoing, and were led to believe based on the foregoing, that the Product was natural in that it was not artificial or made of synthetic ingredients.  Had Plaintiffs known the Product contains artificial ingredients, they would not have purchased the Product.

37.    Defendants' labeling and claims about the Product as "natural" lead people to believe that the Product is indeed "natural."  This means therefore, that the public is led to believe the Product, at a minimum, has no *artificial* ingredients or characteristics.  The public is further led to believe the Product will be healthier, safer and/or produced to a higher standard.  These claims are false, deceptive, and misleading, as the Product contains artificial color (among other synthetic ingredients) – a clearly *un*-natural ingredient.

38.    The Food and Drug Administration ("FDA") explicitly objects to use of the term "natural" if the food contains added color, artificial flavors, or synthetic substances, such as the Product.

39.    The FDA considers use of the term "natural" on a food label to be truthful and non-misleading *only when* "nothing artificial or synthetic…has been included in, or has been added to, a food that would not normally be expected to be in the food."  See 58 FR 2302, 2407, January 6, 1993.

40.    In 1993, the FDA stated the following at 58 Fed. Reg. 2302, 2407 (1993) [emphases added].

> After reviewing and considering the comments, the agency continues to believe that if the term "natural" is adequately defined, the ambiguity surrounding use of this term that results in misleading claims could be abated. However, as the comments reflect, there are many facets of this issue that the agency will have to carefully consider if it undertakes a rulemaking to define the term "natural."

> Because of resource limitations and other agency priorities, FDA is not undertaking rulemaking to establish a definition for "natural" at this time. *The agency will maintain its current policy* (as discussed in the general principles proposal (56 FR 60421 at 60466)) *not to restrict the use of the term "natural" except for added color, synthetic substances, and flavors as provided in § 101.22.*

> Additionally*, the agency will maintain its policy* (Ref. 32) *regarding the use of "natural," as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food.*

> Further, at this time *the agency will continue to distinguish between natural and artificial flavors as outlined in § 101.22.*

41.    Contrary to the implications of the term "natural" on food products, artificial food coloring is not considered healthy or safe.  Among the health concerns regarding artificial food coloring are that it could cause everything from hyperactivity in children, to allergic reactions, to asthma complications, or cancer.

> a. In the 1970s, the FDA famously banned Red Dye No. 2 after some studies found that large doses could cause cancer in rats.

> b. In 2007, a British study published in *The Lancet* concluded that consuming artificial coloring and preservatives in food can increase

11

hyperactivity in kids. The results of the 2007 study compelled the European Food Standards Agency to urge companies to voluntarily remove artificial coloring from food products. The Center for Science in the Public Interest links food colorings to hyperactivity and behavior problems in children, and has been urging the FDA to ban certain dyes that they believe cause these issues.

c. Although the U.S. is behind other countries on its artificial dye policies, the U.K.'s Food Standards Agency has imposed a voluntary ban on several dyes because of their potential harm. And although they turned down a more widespread ban, the European Parliament agreed to place warning labels on all European-produced foods containing one of six artificial colorings.

42.   During the course of their false, misleading, and deceptive advertising campaign, Defendants have sold hundreds of thousands of units or more of the Product based upon Defendants' false promises.  Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.

**FIRST CAUSE OF ACTION**

**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *et seq.***

**(By Plaintiffs against all Defendants)**

43.   Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

44.   This cause of action is brought pursuant to Business and Professions Code section 17200, *et seq.*, on behalf of Plaintiffs and a Class consisting of all persons residing in the State of California who purchased the Product for personal use and not for resale.

45.     Defendants in their advertising and packaging of the Product make false and misleading statements regarding the quality and characteristics of the Product, particularly that it is "natural".  Such claims appear on the label and packaging of the Product which is sold at retailers (including grocery stores such as Ralph's and Vons) nationwide, as well as on television commercials and the Kraft Foods official website.

46.     Defendants' claims about the Product lead people, including Plaintiffs, to believe that the Product is natural, in that, at a minimum, it does not contain artificial coloring or other synthetic ingredients which would normally be includedin non-natural cheeses.

47.     Defendants do not have any reasonable basis for the claims about the Product made in Defendants' advertising and on Defendants' packaging or label because the Product indeed contains artificial coloring, among other synthetic ingredients.

48.     Defendants knew that the claims that they made and continue to make about the Product are false, and misleading.

49.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

50.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17200.

CLASS ACTION – FIRST AMENDED COMPLAINT

51.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

52.     All of the conduct alleged herein occurs and continues to occur in Defendants' business.   Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

53.     Pursuant to <u>Business & Professions Code</u> sections 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product.  Likewise, Plaintiffs and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendants by means of Defendants' failure to disclose the existence and significance of said misrepresentations.

54.     Plaintiffs and the Class have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendants' false representations.

55.     Plaintiffs would not have purchased the Product but for the representations by Defendants about the Product.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq*.**</u>

**(By Plaintiffs against all Defendants)**

56.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

57.     This cause of action is brought pursuant to <u>Business and Professions Code</u> section 17500, *et seq*., on behalf of Plaintiffs and the Class consisting of all persons residing in the State of California who purchased the Product for personal use and not for resale.

58.     Defendants in their advertising and packaging of the Product make false and misleading statements regarding the quality and characteristics of the Product, particularly that it is "natural". Such claims appear on the label and packaging of the Product which is sold at retailers (including grocery stores such as Ralph's and Vons), as well as on television commercials and the Kraft Foods official website.

59.     Defendants' claims about the Product lead people, including Plaintiffs, to believe that the Product is natural, in that, at a minimum, it does not contain artificial coloring or other synthetic ingredients which would normally be seen in lower quality cheeses.

60.     Defendants do not have any reasonable basis for the claims about the Product made in Defendants' advertising and on Defendants' packaging or label because the Product indeed contains artificial coloring, among other synthetic ingredients.

61.     Defendants knew that the claims that they made and continue to make about the Product are false and misleading.

62.     Plaintiff would not have purchased the Product but for the representations by Defendants about the Product.

63.     Plaintiff and the Class have suffered injury in fact and have lost or property as a result of and in reliance upon Defendants' false representations.

64.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17500.

65.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531,

which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

66.   Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product.  Likewise, Plaintiffs and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.*

### (By Plaintiffs against all Defendants)

67.   Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

68.   This cause of action is brought pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act, on behalf of Plaintiffs and a Class consisting of all persons residing in the State of California who purchased the Product for personal use and not for resale.

69.   The Class consists of thousands of persons, the joinder of whom, is impracticable.

70.   There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Defendants represented that the Product has characteristics, benefits, uses, or quantities which they do not have; (b) Whether the existence, extent, and significance of the major misrepresentations regarding the purported benefits, characteristics, and efficacy of

16

the Product violate the Act; and (c) Whether Defendants knew of the existence of these misrepresentations.

71.    The policies, acts, and practices heretofore described were intended to result in the sale of the Product to the consuming public, and violated and continue to violate section 1770(a)(5) of the Act by representing that the Product has characteristics, benefits, uses, or quantities which it does not have.

72.    Defendants fraudulently deceived Plaintiffs and the Class by representing that the Product has certain characteristics, benefits, uses, and qualities which it does not have.  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiffs and the Class, specifically by claiming that the Product is "natural" when in fact it contains artificial coloring.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

73.    Defendants' claims about the Product lead people, including Plaintiffs, to believe that the Product does not contain artificial coloring.

74.    Defendants knew that they could not back the claims concerning the Product's purported "natural" quality.

75.    Defendants' actions as described hereinabove were done with conscious disregard of Plaintiff's rights, and Defendants were wanton and malicious in their concealment of same.

76.    Plaintiff and the Class have suffered injury in fact and have lost or property as a result of and in reliance upon Defendants' false representations.

77.    The Product as purchased by the Plaintiffs and the Class was and is unsatisfactory and worth less than the amount paid for.

78.    Plaintiffs would not have purchased the Product but for the representations by Defendants about the products.

79.     Pursuant to section 1780(a) of the Act, Plaintiffs seek injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order:

      A.     Enjoining Defendants from continuing to make the statements set forth above;

      B.     Enjoining Defendants from continuing to offer for sale any unit of the Product that contains any false and or misleading statements and claims in its advertising or on its packaging and/or its label, including, without limitation, those statements and claims set forth above;

      C.     Enjoining Defendants from continuing to use the packaging and label that it presently uses for the Product; and

      D.     Enjoining Defendants from distributing such false advertising and misrepresentations.

80.     Plaintiffs shall be irreparably harmed if such an order is not granted.

81.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment and relief on all Causes of Action as follows:

      A.     An order certifying that the action may be maintained as a Class Action;

      B.     For an award of restitutionary damages in an amount according to proof at trial, but which does not exceed $5,000,000;

      C.     An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein and requiring Defendants to pay restitution to Plaintiffs and all members of the Class;

      D.     For pre-judgment interest from the date of filing this suit;

      E.     Reasonable attorney fees;

18

F.   Costs of this suit; and

G.   Such other and further relief as the Court may deem necessary or appropriate.

DATED: October 14, 2014                    MILSTEIN ADELMAN LLP


                                           By:  s/ Paul D. Stevens
                                                _____
                                                Paul D. Stevens, Esq.
                                                Shireen Mohsenzadegan, Esq.

                                                Ryan J. Clarkson, Esq.
                                                CLARKSON LAW FIRM
                                                100 Wilshire Blvd., Suite 940
                                                Santa Monica, CA 90401
                                                Telephone: (310) 917-1030
                                                Fax: (310) 917-1001

                                                *Attorneys for Plaintiffs Claudia
                                                Morales and Mocha Gunaratna*

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.


DATED:   October 14, 2014                  MILSTEIN ADELMAN, LLP


                                           By:  s/ Paul D. Stevens
                                                _____
                                                Paul D. Stevens, Esq.
                                                Shireen Mohsenzadegan, Esq.

                                                Ryan J. Clarkson, Esq.
                                                CLARKSON LAW FIRM
                                                100 Wilshire Blvd., Suite 940
                                                Santa Monica, CA 90401
                                                Telephone: (310) 917-1030
                                                Fax: (310) 917-1001

                                                *Attorneys for Plaintiff  Claudia
                                                Morales  and Mocha Gunaratna*

CLASS ACTION – FIRST AMENDED COMPLAINT