**MILSTEIN ADELMAN, LLP**
Paul D. Stevens (SBN 207107)
pstevens@mildsteinadelman.com
Shireen Mohsenzadegan (SBN 237882)
smohsenzadegan@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone:  310-396-9600
Facsimile:   310-396-9635

**CLARKSON LAW FIRM**
Ryan J. Clarkson, (SBN 257074)
rclarkson@clarksonlawfirm.com
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: 310-917-1030
Facsimile: 310-917-1001

*Attorneys for Plaintiffs*
*Claudia Morales and Mocha Gunaratna*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLAUDIA MORALES and MOCHA GUNARATNA, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS GROUP, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:14-cv-04387-JAK-PJW<br><br>**DECLARATION OF SHIREEN MOHSENZADEGAN IN RESPONSE TO COURT'S APRIL 6, 2015 MINUTE ORDER**<br><br>Hon. Judge John A. Kronstadt<br><br>Compl. Filed:       May 7, 2014<br>Compl. Removed: July 2, 2014<br>Trial Date:            September 8, 2015 |

# DECLARATION OF SHIREEN MOHSENZADEGAN

I, Shireen Mohsenzadegan, declare as follows:

1) I am an attorney at Milstein Adelman, LLP, counsel of record for Plaintiffs herein. I am licensed to practice before all courts in the State of California. I have personal knowledge of all of the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2) This declaration is submitted in response to the Court's April 6, 2015 Minute Order regarding Plaintiffs' Motion for Class Certification, ordering Plaintiffs' counsel "to submit a reference to or copy of the sales data discussed during the hearing no later than April 8, 2015 by 3:00 pm."

3) At the April 6, 2015 hearing on Plaintiff's Motion for Class Certification, a question arose as to whether "data" exists which would enable Plaintiffs' marketing and damages expert, Dr. Anand Bodapati, Ph.D (hereinafter "Dr. Bodapati"), to calculate class-wide damages in this case, as described in his Declaration in Support of Class Certification. Such "data" includes "Marketplace datasets, which contain information on product attributes, distribution, advertising and sales, for the products available in the marketplace, disaggregated by time period, retail outlet, and possibly, individual." *See*, Bodapati Declaration in Support of Class Certification at ¶ 9. Dr. Bodapati declared that he confirmed the Nielsen Market Research Company (hereinafter "Nielsen") maintains such marketplace data and that such data could be acquired from Nielsen. *See*, Bodapati Declaration at ¶ 18. Kraft's Counsel asserted at the hearing such data does not exist.

4) Attached hereto as Exhibit "1" are true and correct copies of documents bates-labeled "Kraft 0151" and "Kraft 0152." These are two of the documents which were referenced by Plaintiffs' counsel at the April 6, 2015 hearing. These documents were produced to Plaintiffs by Defendant Kraft Foods Group (hereinafter "Kraft") in Response to Plaintiffs' Requests for Production of Documents, Set One. Through

1  numerous meet and confers, counsel for Kraft stated that documents bates-labeled "Kraft
2  0151" and "Kraft 0152," are, or were derived from, Nielsen data.  Each document also
3  states "Nielsen Quick Facts" on the top and includes a Nielsen logo on the
4  bottom.  These documents set forth the sales and distribution figures relating to the Kraft
5  Natural Cheese product at issue in this case, disaggregated by the Class period (dating
6  back to 2010), by retailer, and by the advertising attribute at issue, i.e., "Natural" (*See*,
7  "Ntrl").  As stated at the hearing on Class Certification, these documents serve as an
8  *example* of the kind of data needed and available for Dr. Bodapati to calculate class-
9  wide damages using "marketplace datasets," thereby confirming the data in fact exists.
10 Plaintiffs planned to acquire any remaining necessary data pending class certification
11 and advancement to the merits.

12     5)   Attached hereto as Exhibit "2" are true and correct copies of Kraft's
13 Amended Responses to Special Interrogatories Nos. 14 and 15.  In response to Special
14 Interrogatory No. 14, Kraft states "that it maintains records that reflect sales of Kraft
15 Natural Cheese Shredded Cheese Fat Free to its customers (i.e., retailers) on a national
16 level."  In response to Special Interrogatory No. 15, Kraft states Kraft has Nielsen
17 reports that track sales in geographic markets, as defined by Nielsen and the retailer.
18 These discovery responses further indicate Nielsen sales data exists.

19     6)   Attached hereto as Exhibit "3" is a true and correct copy of a *publicly*
20 *available* website page from Nielsen's official website located at
21 http://www.nielsen.com/us/en/about-us.html, which provides an overview of the type
22 of data Nielsen provides.  This data is the data referred to by Dr. Bodapati which
23 would be needed to calculate class-wide damages. *See*, Bodapati Decl. at ¶ 18.

24     7)   Attached hereto as Exhibit "4" is a true and correct copy of a *publicly*
25 *available* feature report from Nielsen's official website located at
26 http://www.nielsen.com/us/en/insights/news/2014/real-returns-what-matters-most-in-
27 digital-advertising.html concerning marketing activities, sales tracking, and studies
28

DECLARATION OF SHIREEN MOHSENZADEGAN  IN
RESPONSE TO COURT'S APRIL 6, 2015 MINUTE ORDER
2

that Kraft has been conducting through Nielsen for the product at issue in this litigation, Kraft Natural Cheese, for the past 18 months. The report reveals, in direct contradiction to Kraft's Counsel Dean Panos' statements at the hearing on April 6, 2015, that: (i) Kraft itself has in fact been working extensively with such data through Nielsen to track sales to causes for the product at issue in this litigation, Kraft Natural Cheese; and (ii) marketplace data concerning the product attributes, distribution, advertising and sales, disaggregated by time period, retail outlet, and possibly, individual, does in fact exist for the product at issue in this litigation.

8) Attached hereto as Exhibit "5" is a true and correct copy of the Declaration of Chris Hjoth in Support of [Kraft's] Removal to Federal Court, which states at ¶4: "Kraft estimates that the sales figures for Kraft Shredded Cheese Cheddar Fat Free in the State of California were approximately $4.7 million … We estimated this based on analysis of Nielsen store data." This further indicates that according to Kraft, reliable Nielsen sales data on the product at issue in this litigation exists and that Kraft itself relies on such data for, in addition to sales tracking and market behavior factors, establishing the jurisdiction of this Court.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on April 8, 2015 at Santa Monica, California.

                                                   //s//  *Shireen Mohsenzadegan*

                                                   Shireen Mohsenzadegan

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405