**MILSTEIN ADELMAN, LLP**
Paul D. Stevens (SBN 207107)
pstevens@mildsteinadelman.com
Shireen Mohsenzadegan (SBN 237882)
smohsenzadegan@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone:  310-396-9600
Facsimile:   310-396-9635

**CLARKSON LAW FIRM**
Ryan J. Clarkson, (SBN 257074)
rclarkson@clarksonlawfirm.com
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: 310-917-1030
Facsimile: 310-917-1001

*Attorneys for Plaintiffs*
*Claudia Morales and Mocha Gunaratna*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLAUDIA MORALES and MOCHA GUNARATNA, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS GROUP, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:14-cv-04387-JAK-PJW<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT KRAFT FOODS GROUP, INC.'S RESPONSE TO THE DECLARATION OF SHIREEN MOHSENZADEGAN**<br><br>Hon. Judge John A. Kronstadt<br><br>Compl. Filed:       May 7, 2014<br>Compl. Removed: July 2, 2014<br>Trial Date:            September 8, 2015 |

Plaintiffs CLAUDIA MORALES and MOCHA GUNARATNA ("Plaintiffs"), by and through their attorneys of record, Milstein Adelman LLP and Clarkson Law Firm, submit the following Objections to the Response of Kraft Foods Group, Inc. ("Kraft") filed on April 9, 2015 ("Response"), as follows:

1. Plaintiffs object to Kraft's Response in its entirety on the grounds that the Court did not direct Kraft, nor did Kraft properly request, to submit a response and additional argument to Plaintiffs' submission of April 8, 2015;

2. Plaintiffs further object to Kraft's Response in its entirety on the grounds that it directly contradicts, in the form of argument only and without any counter-evidence, the plain *evidence* proffered by Plaintiffs – namely, Plaintiffs' expert Dr. Bodapati's declaration which provided, under penalty of perjury, a description of what type of data is necessary for his two models to calculate class-wide damages (Bodapati Declaration, ¶ 9, lines 17–20) and that the data is maintained by and available from both Nielsen and IRI (Bodapati Declaration, ¶ 18, lines 5–10.)

3. Plaintiffs object to Kraft's Response at Page 1, Lines 7–11 (stating: "the Nielsen sales data submitted by Plaintiffs are not the 'appropriate data' that Dr. Bodapati would need to design and run his choice model. The Nielsen sales data merely provide the number of units of Kraft Natural Cheese Fat Free Shredded Cheddar that were sold at certain retailers. It provides nothing more than that") on the grounds that, after having explicitly misrepresented the existence of Nielsen data at the hearing on Class Certification, Kraft now continues to misrepresent: (a) what type of data Nielsen maintains, (b) what type of data IRI maintains, and (c) what type of data Plaintiffs' expert, Dr. Bodapati, declared was necessary and available for his two models to calculate class-wide damages – and does so *without any counter-evidence,* and despite the plain evidence submitted by Plaintiffs. (Declaration of Shireen Mohsenzadegan, Exhibits 1, 3, and 4.)

3. Plaintiffs object to Kraft's Response at page 1, lines 14–19 (stating: "Plaintiffs still have provided no evidence — because they cannot — that Nielsen or IRI keeps track of whether a particular cheese product has a "natural" label on it. While the submitted Nielsen sales data includes a reference to "KRFT NTRL," that merely signifies the *name* of the product (Kraft Natural Cheese Fat Free Shredded Cheddar). There is no evidence that Nielsen or IRI keeps track of labels statements, such as 'natural.'") on the grounds that this is another blatant misrepresentation by Kraft's counsel, which is plainly contradicted by the *evidence* submitted by Plaintiffs. *See,* Exhibit 1 attached to the Declaration of Shireen Mohsenzadegan, which is a Nielsen document identifying sales and distribution for the Kraft Natural Cheese product at issue in this litigation, and includes the "NTRL" attribute. Kraft's Response here is misguided in two ways. First, it tries to draw a distinction between the product *label* and the product *name*, arguing that the Nielsen evidence submitted by Plaintiffs only shows the product *name,* not the "Natural" label. In the case of the product at issue here, however, the two are one in the same. So the data clearly exists. More importantly, Nielsen data is maintained and identified by each products' unique UPC code, not simply by product name. Therefore, to the extent sales data is needed for this product, or for any other products in the marketplace in order to calculate class-wide damages, such products (advertised as "natural" or otherwise) are identified and maintained by Nielsen *by their respective, unique UPC codes*. Therefore, the "attribute", or advertising labels, are *always identifiable*. Kraft's counsel is either uninformed or blatantly misrepresenting facts to the Court and, not surprisingly, fails to provide any evidence to support its misinformation.

4. Plaintiffs object to Kraft's Response at page 1, lines 19-22 (stating: "Indeed, the Northern District of California recently denied class certification in an 'all natural' case precisely because there is no data set that indicates whether a product is labeled as 'all natural' or not.") and page 2, lines 1-2 (stating: "rejecting damages

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1  model premised on IRI data because, *inter alia*, IRI data did not indicate which
2  products included the challenged 'All Natural' label") because Kraft's synopsis of the
3  referenced holding in *Brazile v. Dole Packaged Foods, LLC*, 2014 U.S. Dist. LEXIS
4  157575 (November 6, 2014) is incorrect and misleading.  In *Brazile*, Judge Koh ruled
5  on Dole's motion to *decertify* the case after *previously certifying* nationwide and
6  California-wide damages and injunctive classes for class treatment.  Notably, the
7  Court certified both classes despite the fact that Brazile's expert, Dr. Capps, had not
8  yet conducted his damages analysis.  The Court then denied Dole's motion for
9  reconsideration, reasoning: "If at the close of expert discovery 'it turns out that Dr.
10 Capps's Regression Model cannot adequately assess damages on a classwide basis,'
11 Dole, the Court concluded, would 'have a basis to move for decertification.'" *Id.* at
12 *8.  After Dr. Capps completed his damages analysis and expert report, Dole
13 subsequently moved to decertify, arguing: (i) the classes are not ascertainable; and (ii)
14 Dr. Capps's damages model is fundamentally flawed.  *Id.* at *12-13.  The Court
15 denied Dole's motion to decertify on ascertainability grounds.  The Court granted the
16 motion *only as to the damages classes* (not the injunctive classes)—but *not* because
17 "there is no data set that indicates whether a product is labeled as 'all natural' or not,"
18 as Kraft incorrectly summarized.  (*See*, Kraft's Response at 1:19-22.)  Instead, the
19 Court ruled that Dr. Capps's analysis failed *Comcast v. Behrend*, 133 S.Ct. 1426
20 (2013) because Dr. Capps simply failed: (i) "to adequately verify the labels of non-
21 Dole products" (*Id*. at *39); (ii) "to account for the possibility that some products
22 might make multiple labeling claims" (*Id*.); and (iii) take into account "differences in
23 how the products are packaged" (*Id*. at *40).  Brazile's problem, therefore, was not in
24 the *absence* of needed data, as Kraft incorrectly states, it was in the damages expert's
25 failure to verify and appropriately utilize the available data.
26      5.    Plaintiffs object to Kraft's Response at page 1, lines 24-28, a citation to
27 the Third Circuit's opinion of *In re: Blood Reagents Antitrust Litig.*, __ F.3d __ (3rd
28

1 Cir. Apr. 8, 2015) because it is not controlling authority and does provide any "new
2 law" beyond the requirements of *Comcast*.

3     As set forth in the Declaration of Shireen Mohsenzadegan, Plaintiffs have
4 established: 1) the type of data needed to calculate class-wide damages in this case; 2)
5 that Nielsen is in the business of maintaining and providing such data; 3) that Kraft
6 has in fact itself been working extensively with the data provided by Nielsen, and
7 which goes far beyond mere sales data but data to track **sales to causes for the**
8 **product at issue in this litigation, Kraft Natural Shredded Cheese**; and 4) that
9 Nielsen can provide the data referred to by Dr. Bodapati in his Declaration to calculate
10 class-wide damages.

12 Dated: April 10, 2015                        MILSTEIN ADELMAN LLP

14                                           //s// Shireen Mohsenzadegan
15                                           Shireen Mohsenzadegan
16                                           *Attorneys for Plaintiffs and the Putative Class*

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405