**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Telephone: (213) 788-4050
Facsimile: (213) 788-4070

*Attorneys for Plaintiffs Claudia Morales and Mocha Gunaratna*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLAUDIA MORALES and MOCHA GUNARATNA, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS GROUP, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. LA CV14-04387 JAK (PJWx)<br><br>**[CLASS ACTION]**<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF RECERTIFICATION UNDER RULE 23(b)(2)**<br><br>Hon. Judge John A. Kronstadt |

Plaintiffs Claudia Morales and Mocha Gunaratna, on behalf of themselves and all others similarly situated ("Plaintiffs"), in this action against Defendant Kraft Heinz Company f/k/a Kraft Foods Group, Inc. ("Kraft" or "Defendant"), submit their brief in support of recertification under Rule 23(b)(2), pursuant to the Court's order dated June 9, 2017 (Dkt. 341).

## INTRODUCTION

This is an important food mislabeling case in which Plaintiffs seek to enjoin Kraft from deceptively labeling as "natural cheese" a product which it admits is processed with artificial color composed of annatto and titanium dioxide, and impose punitive damages against Kraft for *knowingly* deceiving consumers so for years. Artificial color is, by definition, *not* natural and therefore has no place in a "natural cheese." All consumers should be able to confidently rely on food labels, and that is especially true in this case involving health conscious consumers to whom the "natural cheese" attribute is important, e.g., mothers like Plaintiff Claudia Morales who purchase products labeled as "natural" for their families. Therefore, although the Court has concluded that restitutionary damages are unavailable on a classwide basis here (Dkt. 341), Plaintiffs urge this Court to recertify the Class (as defined in Dkt. 78) under Rule 23(b)(2). The Court has already ruled that Plaintiffs meet all Rule 23(a) prerequisites (Dkt. 78, 341)[1]. Accordingly, the Court need only properly conclude that Plaintiffs satisfy Rule 23(b)(2) and Article III's standing requirement for this case to proceed to trial as a Rule 23(b)(2) class action.

---

[1] "As noted, on June 23, 2015, the Class was certified ("Certification Order" (Dkt. 78)). The Certification Order addressed the requirements of Rule 23(a), and concluded that each had been met:
- Numerosity: Kraft represented that sales of the Product between May 2010 and May 2014 generated revenues of approximately $4.7 million. Dkt. 78 at 3. Based on an average retail price of approximately $3.89, this reflects approximately 1.2 million sales to consumers. *Id.* Thus, the Court concluded that the numerosity requirement is satisfied. *Id.*
- Commonality: There are two primary questions at issue in the action. 'First, whether the use of the term 'natural cheese' would mislead a reasonable consumer. Second, whether Kraft knew or should have known that its labeling of the Product was misleading.' The Court concluded that these questions satisfy the commonality requirement. *Id.*
- Typicality: '[E]ach of the named Plaintiffs alleges that she purchased the Product based on the understanding that arose from the label 'natural cheese.' Thus, each believed that meant the Product did not contain artificial ingredients, including artificial coloring.' *Id.* The Court concluded that these claims are sufficiently typical of the claims of the class. *Id.* at 5.
- Adequacy: The Court found 'no evidence that Plaintiffs have a conflict of interest as to any other class member. Nor is there any evidence that Plaintiffs' counsel will not prosecute the action vigorously on behalf of the proposed class.' *Id.* Thus, the Court concluded that the adequacy requirement had been satisfied. *Id.*" In addition, Plaintiffs have proffered additional evidence of their counsel's adequacy (Dkt. 311).

1
PLAINTIFFS' BRIEF IN SUPPORT OF RECERTIFICATION UNDER RULE 23(b)(2)

# FACTS

On May 7, 2014, Plaintiffs brought suit against Kraft to halt an obvious food mislabeling practice, namely, the deceptive labeling of Kraft Natural Cheese Fat Free Shredded Cheddar (the "Product") as a "natural cheese" when in fact it is processed with annatto and titanium dioxide. Dkt. 1, 32, 40 ¶ 3 ("Plaintiffs seek to secure injunctive relief"; "Plaintiffs … pray for … [a]n order enjoining Defendants from pursuing the policies, acts, and practices complained of herein"). Plaintiffs uncovered evidence during discovery that Defendant knowingly deceived consumers and employed a marketing strategy which involved consistently "reassuring" consumers that the Product is "natural cheese" by "labeling" and "describing" Kraft cheeses as natural—even if untrue. Dkt. 49 at 3-4. On December 3, 2014, Plaintiffs moved for class certification under Rule 23(b)(3) and 23(b)(2) (Dkt. 47), Defendant opposed the motion (Dkt. 56), and Plaintiffs replied (Dkt. 60). The Court certified a Rule 23(b)(3) class and did not rule on the requested Rule 23(b)(2) class (Dkt. 78). On June 9, 2017, the Court decertified Plaintiff's Rule 23(b)(3) class and dismissed Plaintiffs' claims for restitutionary damages but accepted Plaintiffs' claims for injunctive relief, which persist under all counts in Plaintiffs' SAC—the UCL, FAL, and CLRA (as does Plaintiffs' claim for punitive damages under the CLRA[2]). Dkt. 341.

The Court observed that the application of equitable remedies is a question for the court, not a jury, to decide. *Id*. at 23. Such remedies include injunctive relief. Cal. Bus. & Prof. Code § 17203 ("The court may make such orders … as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition …."); Cal. Bus. & Prof. Code § 17535 ("The court may make such orders or judgments … as may be necessary to prevent the use or employment by any … corporation … of any practices which violate this chapter …."); Cal. Civ. Code §

---

[2] Dkt. 341 at 33 ("[B]ecause there is no admissible evidence as to the amount of claimed restitutionary damages, the [MSJ] is granted as to that issue. This applies to the request for restitution as to all of Plaintiffs' claims. *In contrast, the [MSJ] is denied as to the CLRA claims*.") (emphasis added).

1780(a)(2) ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain … [a]n order enjoining the methods, acts, or practices.") The Court further explained that under certain circumstances, plaintiffs may "seek an injunction against the offending business practice *even in the absence of any basis for restitution*," e.g., when "economic injury that an unfair business practice occasions . . . involve[s] a loss by the plaintiff without any corresponding gain by the defendant." *Id*. at 29 (citing *Kwikset v. Superior Ct.*, 51 Cal. 4th 310, 336) (emphasis added).

      Applying the facts of this case, the Court concluded that notwithstanding Plaintiffs' evidence is insufficient to establish a basis for calculating restitution, "[t]his does not preclude injunctive relief pursuant to *Kwikset*." *Id*. The Court expounded, "[*Kwikset*] made clear that mislabeling is a harm under the false advertising laws even if 'the marketplace would continue to value the product as highly as the amount the consumer paid for it, whether or not he or she would do so.'" *Id*. (citing *Kwikset* at 333). The Court continued its reference to *Kwikset*:

> From the original purchasing decision we know the consumer valued the product as labeled more than the money he or she parted with; from the complaint's allegations we know the consumer valued the money he or she parted with more than the product as it actually is; and from the combination we know that because of the misrepresentation the consumer (allegedly) was made to part with more money than he or she otherwise would have been *willing to expend*, *i.e.*, that the consumer paid more than he or she actually valued the product. That increment, the *extra money paid*, is economic injury and affords the consumer standing to sue. *Id*. at 330 (emphasis added).[3]

*Id*. (emphasis added). The Court lastly noted: "Were we to conclude otherwise, we would bring to an end private consumer enforcement of bans on many label misrepresentations …." *Id*. Accordingly, the Court ordered the Parties to brief their respective positions on whether this case should be recertified under Rule 23(b)(2). *Id*.

---

[3] Dr. Bodapati quantified this amount as an average of 75 cents, which the Court deemed admissible evidence except for *restitutionary damages*. Dkt. 341 at 29.

# ARGUMENT

## I. PLAINTIFFS SATISFY RULE 23(a) and RULE 23(b)(2).

### A. Legal Standard

This Court should recertify this case as a Rule 23(b)(2) class so Plaintiffs may continue their pursuit of an injunction which prevents Kraft from deceptively labeling as "natural cheese" a product which contains artificial color comprised of annatto and titanium dioxide, as well as punitive damages for knowingly deceiving consumers for years. Under Rule 23(b)(2), "[a] class action may be maintained if Rule 23(a) is satisfied and if … the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *Ries v. Arizona Beverages USA, LLC*, 287 F.R.D. 523, 528 (N.D. Cal. 2012). "It is sufficient ... [e]ven if some class members have not been injured by the challenged practice." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998); *Kim v. Space Pencil, Inc.,* 2012 U.S. Dist. LEXIS 169922, *7 (N.D. Cal. November 28, 2012). Moreover, "[t]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id*. Certification under Rule 23(b)(2) is appropriate "only where the primary relief sought is declaratory or injunctive." *Brazil v. Dole Packaged Foods, LLC*, 2014 U.S. Dist. LEXIS 74234, *36 (N.D. Cal. May 30, 2014), (quoting *Zinser v. Accufix Res. Inst., Inc.,* 253 F.3d 1180, 1195 (9th Cir.2001)). Punitive damages are also available in the Rule 23(b)(2) class context because they are sufficiently "incidental" and do not turn on the individual circumstances of class members. *Ries*, 287 F.R.D. at 541 (certifying 23(b)(2) class and noting availability of punitive damages under Rule 23(b)(2)).

**B. Application**

**1. *Plaintiffs Satisfy Rule 23(a).***

As discussed *supra*, at note 1, the Court has already determined that Plaintiffs satisfy the Rule 23(a) pre-requisites. Dkt. 78, 341.

**2. *Plaintiffs Satisfy Rule 23(b)(2).***

In satisfaction of Rule 23(b)(2), Plaintiffs have alleged that "Defendants have acted on grounds generally applicable to the entire Class, [i.e., all California purchasers of the Product,] thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. Dkt. 40 ¶ 31. Plaintiffs and the proposed Class complain of standard and uniform practices of unfair, unlawful, fraudulent, and deceptive conduct by Kraft that is generally applicable to the proposed Class as a whole. *Id*. ¶¶ 54-55. Further, Plaintiffs have submitted evidence that the challenged "natural cheese" claim is deceptive (sealed order dated December 2, 2016), has been consistent throughout the class period, and therefore applies to the Class as a whole. Dkt. 202-1, 49 at 5, n 2. Plaintiffs have also submitted evidence uncovered during discovery in support of their punitive damages claim, including, *inter alia*, that Defendant knowingly deceived consumers and employed a marketing strategy which involved consistently "reassuring" consumers that the Product is "natural cheese" by "labeling" and "describing" Kraft cheeses as natural—even if untrue. Dkt. 49 at 3-4; Dkt. 202-3 at 4; sealed order dated December 2, 2016 at 12. Plaintiffs seek (1) declaratory relief that Kraft's labeling is deceptive, misleading, unlawful, unfair, and fraudulent and (2) injunctive relief prohibiting Kraft from continuing to engage in this practice by halting the deceptive labeling of the Product as "natural cheese" if it contains artificial color comprised of annatto and titanium dioxide. Dkt. 40 ¶ 31. Plaintiffs also seek punitive damages which are sufficiently "incidental" and do not turn on the individual circumstances of Class members. *Ries*, 287 F.R.D. at 541. Lastly, Plaintiffs seek singular and indivisible equitable relief—one injunction will apply to the entire Class.

Indeed, other courts have held Rule 23(b)(2) was satisfied under similar circumstances. See *Ries*, 287 F.R.D. at 541 (granting class certification under Rule 23(b)(2) for allegedly mislabeling AriZona Iced Teas as "all natural" and holding "[t]his is the sort of action for which class treatment is warranted"); *Brazil v. Dole Packaged Foods, LLC*, 2014 U.S. Dist. LEXIS 74234, at *70 (N.D. Cal. May 30, 2014) (granting class certification under Rule 23(b)(2) for products allegedly mislabeled as "all natural fruit"); *Lanovaz v. Twinings N. Am., Inc.*, 2014 U.S. Dist. LEXIS 57535, at *14-17 (N.D. Cal. Apr. 24, 2014) (granting class certification under Rule 23(b)(2) for teas allegedly mislabeled as "Natural Source of Antioxidants"); *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 591-92 (C.D. Cal. 2011) (granting class certification under Rule 23(b)(2) where there was commonality as to representations about a medicine's efficacy and injunction prohibiting such representations would "provide relief to each member of the class") (citing *Dukes*, 131 S.Ct. at 2557).

Here, Plaintiffs' request for injunctive relief would uniformly prohibit Defendant's practice of deceptive labeling. The requested injunctive relief is indivisible and will benefit all Class members, thus making Rule 23(b)(2) certification appropriate.

## II.   PLAINTIFFS SATISFY ARTICLE III STANDING.

### A.   Legal Standard

"[S]tanding requires that (1) the plaintiff suffered an injury in fact ... (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 594-95 (9th Cir. 2012) (quoting *Bates v. United Parcel Svc., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007)). To maintain standing, Plaintiffs must show a sufficient likelihood that they will be injured again in a similar way and that the future injury can be redressed by injunctive relief. *Luman v. Theismann,* 647 F. App'x 804, 807 (9th Cir. 2016) (citing *Bates,* 511 F.3d at 985); *see also Perez v. Nidek Co.,* 711 F.3d 1109, 1114 (9th Cir. 2013).

### B. Application

Presumably, Kraft's position is the same as it was in January 2015, i.e., that Plaintiffs lacks standing to seek a Rule 23(b)(2) class because they cannot allege a threat of future harm.[4] Dkt. 56 at 24-25. However, Defendant's reasoning is flawed because the fact that Plaintiffs have since discovered Defendant's deceptive label does not make the label less misleading, nor prevent Class members from being deceived into purchasing the Product with every passing day. In *Chester v. TJX Cos.*, 2016 U.S. Dist. LEXIS 110342 (C.D. Cal. Aug. 18, 2016), the Court held:

> ***It is inconceivable to think prospective relief in the false advertising context is bound by the rules of "fool me once, shame on you; fool me twice shame on me."*** The Court is unwilling to play Defendants' game, and refuses to find that, once a plaintiff has alleged that she was deceived, she likely will not voluntarily be deceived again—and thus no court can enjoin deceptive practices without ignoring Article III's standing requirements. Instead, the Court looks to the reasoning of our sister courts, which have held that California's consumer laws are designed "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kwikset*, 51 Cal.4th at 320. To follow Defendants' arguments would "eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief." This Court will not, as Defendants wish, sound the death knell over California's consumer protection scheme. Defendants' motion to dismiss the injunctive relief claim is denied.

*Id.*, *24-25 (emphasis added).

There exists no binding precedent on this issue, and district courts within the Ninth Circuit have taken divergent approaches. On one hand, some courts have found that a plaintiff does not have standing for injunctive relief when the plaintiff is aware of the representation's misleading nature. See, e.g., *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2015 WL 2125004, at *7 (N.D. Cal. May 6, 2015); *Anderson v. The Hain Celestial Grp., Inc.,* 87 F. Supp. 3d 1226, 1233-35 (N.D. Cal. 2015); *Ham*

---

[4] Plaintiffs need not address Kraft's other argument—that "certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive" and "restitution and damages sought by Plaintiffs are not 'incidental'" (Dkt. 56 at 33, n. 12), as the Court has determined restitution is unavailable and Plaintiffs seek to proceed on a Rule 23(b)(2) basis only.

*v. Hain Celestial Grp., Inc.,* 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014); *Garrison v. Whole Foods Mkt. Grp., Inc.,* No. 13-CV-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014)). While recognizing the "important state interest underlying California's consumer protection statutes," these courts note the limiting nature of Article III standing, which "does not expand to accommodate the policy objectives underlying state law." *Anderson,* 87 F. Supp. 3d at 1234; *Garrison,* 2014 WL 2451290 at *5 (internal citations omitted). Instead, these courts hold that plaintiffs may seek injunctive relief in California state court, where the courts are not bound by the requirements of Article III (though no such court has held so after three-plus years of hotly contested litigation, as here). *Anderson,* 87 F. Supp. 3d at 1235.

On the other hand, other courts allow plaintiffs to seek injunctive relief even when aware of the misrepresentation. *See, e.g., Lanovaz,* 2014 U.S. Dist. LEXIS 57535, at *14-17 (collecting cases); *Koehler* v. *Litehouse, Inc.,* No. CV 12-4055 SI, 2012 WL 7290487, at *6-*7 (N.D. Cal. Dec. 13, 2012); *Larsen* v. *Trader Joe's Co.,* No. C 11-5188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012); *Ries*, 287 F.R.D. at 533; *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2014 WL 1028881, at *4 (N.D. Cal. Mar. 14, 2014). These courts reason that to hold otherwise would construe Article III standing so narrowly as to preclude federal courts "from enjoining false advertising under California consumer laws[,]" "eviscerate[ing] the intent of the California legislature." *Larsen,* 2012 WL 5458396 at *4 (quoting *Henderson* v. *Gruma Corp.,* 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011)).

Moreover, some courts have focused on the particular nature of the injury at issue to find standing. They have found at least two injuries sufficient to establish standing where the plaintiff is aware of the misrepresentation: absent an injunction, the plaintiff consumer will (1) no longer be able to confidently rely on the defendant's representations, *see Ries,* 287 F.R.D. at 533, and, (2) refrain from purchasing products in the future even if they in fact conform to her expectations, *see Lilly* v. *Jamba Juice Company,* 2015 WL 1248027, at *3-*5 (N.D. Cal. March 18, 2015).

Plaintiffs satisfy Article III standing. Plaintiffs do not expressly allege that they will *never* purchase a Kraft product (or the Product at issue for that matter) in the future. Instead, Plaintiffs allege they would not have purchased the Product had they known the packaging was deceptive, and that Defendant continues to deceive unsuspecting consumers. *Id.* ¶¶ 39, 57. See *Lilly* v. *Jamba Juice Co.,* No. 13-CV-02998-JST, 2015 WL 1248027, at *3 (N.D. Cal. Mar. 18, 2015) ("When a consumer discovers that a representation about a product is false, she doesn't know that another, later representation by the same manufacturer is also false. She just doesn't know whether or not it's true. A material representation injures the consumer not only when it is untrue, but also when it is *unclear* whether or not is true."). If the label is permitted to persist in its deceptive form, Plaintiffs could be harmed in the future. Absent a change to the deceptive packaging, Plaintiffs will not have faith in the Product label, and thus will avoid purchasing the Product. "This is the harm California's consumer protection statutes are designed to redress." *Ries*, 287 F.R.D. at 533-534.

Critically, to deny Plaintiffs standing to pursue injunctive relief would thwart the objective of the California consumer protection laws. Citing public policy, courts have allowed named plaintiffs to proceed with claims for injunctive relief despite their inability to establish a narrow interpretation of Article III standing. See *Shahinian v. Kimberly-Clark Corp.*, No. CV 14-8390, 2015 WL 4264638, at *4 (C.D. Cal. July 10, 2015); *Dean v. Colgate-Palmolive Co.*, No. CV 15-0107, 2015 WL 3999313, at *8 (C.D. Cal. June 17, 2015); *Lanovaz*, 2014 WL 46822, at *10. In *Henderson v. Gruma Corp.,* 2011 U.S. Dist. LEXIS 41077 (C.D. Cal. April 11, 2011), the court allowed plaintiffs who had no intent to purchase the relevant product to proceed with their injunctive relief claims because "to prevent [plaintiffs] from bringing suit on behalf of a class in federal court [because they are now aware of the true content of the products] would surely thwart the objective of California's consumer protection laws." *Id.*, at *8. Courts reason that to hold otherwise would preclude consumer fraud

class actions seeking injunctive relief in federal court, a result which would conflict with public policy. See also *Lilly*, 2015 WL 1248027, at *3; *Larsen*, 2012 WL 5458396, at *4 ; *Ries*, 287 F.R.D. at 533 (noting defendant's argument would mean that "injunctive relief would never be available in false advertising cases, a wholly unrealistic result.")

In *Ries*, the court also noted that plaintiffs in consumer class actions are harmed by the fact that mislabeled products remain on the shelves, explaining that "should plaintiffs encounter the denomination 'All Natural' on an AriZona beverage at the grocery store today, they could not rely on that representation with any confidence… [t]his is the harm California's consumer protection statutes are designed to redress." *Id.* at 533. This cogent explanation accords with the Ninth Circuit's admonition that "[w]hen determining what constitutes the same type of relief or the same kind of injury, [courts] must be careful not to employ too narrow or technical an approach … [and] must reject the temptation to parse too finely." *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001); *Dean*, 2015 U.S. Dist. LEXIS 80150, at *21-23.

Injunctive relief is necessary to prevent any future harm to consumers who purchase the Products. Absent injunctive relief, Defendant will continue to sell its deceptively packaged Products with impunity. As confirmed by the court in *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal.4th 303 (2003), the statutory remedies available for a violation of the CLRA, UCL, and FAL include public injunctive relief, i.e., injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public. *Id*. at 315-316; see also *Broughton v. Cigna Healthplans*, 21 Cal.4th 1066, 1077 (1999).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court **RECERTIFY** this case as a Rule 23(b)(2) class action.

DATED: June 16, 2017

/s/ *Ryan J. Clarkson*
CLARKSON LAW FIRM, P.C.
Ryan J. Clarkson
Shireen M. Clarkson
Bahar Sodaify
*Attorneys for Plaintiffs Claudia Morales and Mocha Gunaratna*